**STATE of Missouri, Respondent,**

v.

**Harry Bloom EASTER, Appellant.**

**No. 46430.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1983.

Application to Transfer Denied Jan. 17, 1984.

Debra Buie Arnold, P.D., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant appeals from his conviction of assault in the first degree by means of a deadly weapon. § 565.050, RSMo (1978). He was found to be a persistent offender, § 558.016, RSMo (1978) and sentenced to thirty years' imprisonment. We affirm.

The sole point raised on appeal is that the trial court erred in not dismissing the indictment by which appellant was charged. Appellant offers two grounds to justify dismissal. First, he alleges that the prosecutor abused the grand jury subpoena power. Second, he claims that the prosecutor breached his duty to present exculpatory evidence to the grand jury.

The victim of the assault testified before the grand jury on March 25, 1982, identifying appellant as his assailant. At the request of the prosecutor, the grand jury did not vote on an indictment that day. On April 6, 1982, Fred Easter, Julius Easter, and Eloise Coleman, appellant's brother, father, and "common-law" wife, respectively, appeared at the grand jury room in response to grand jury subpoenas. The prosecutor interviewed each of them but did not have them testify before the grand jury. The Easters and Ms. Coleman were purported alibi witnesses.

■ We consider appellant's contentions in reverse order. Appellant argues that the indictment should have been dismissed because the prosecutor breached his duty to present material exculpatory evidence to the grand jury. The answer to this argument is that the prosecutor has no such duty. *United States v. Levine,* 700 F.2d 1176, 1180–81 (8th Cir.1983); *United States v. Civella,* 666 F.2d 1122, 1127 (8th Cir. 1981). Appellant's point is therefore denied.

■ Our holding on this point renders consideration of appellant's other argument unnecessary. Assuming the invalidity of the subpoenas, the only prejudice that appellant has claimed is the denial of his right to have the exculpatory evidence presented to the grand jury. We have found no such right, and therefore no prejudice to appellant.[1]

The judgment of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

---

1. Appellant also seems to urge dismissal as a prophylactic rule to curb prosecutorial abuse of the subpoena power. Again assuming such abuse in this case, the remedy was for the witnesses to file a motion to quash the subpoenas. *See State ex rel. Burke v. Scott,* 364 Mo. 420, 262 S.W.2d 614 (1953).