Marla Jeana MATNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–01135–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 2002.

Publication Ordered March 20, 2003.

L.T. "Butch" Bradt, Teltschik Law Firm, Houston, for Appellant.

John H. Harrity, III, Assistant District Attorney–Fort Bend County, Richmond, for State.

Panel consists of Justices NUCHIA, JENNINGS and RADACK.

## OPINION

TERRY JENNINGS, Justice.

After a bench trial, the trial court found appellant, Marla Jeana Matney, guilty of five counts of aggravated perjury and assessed punishment at six years confine-ment with a $5,000 fine. The trial court suspended the sentence, placed appellant on community supervision for 10 years, and ordered appellant to pay $4,000 in restitution. In eight issues, appellant contends the trial court erred in not dismissing the indictment for selective prosecution and prosecutorial misconduct, challenges the evidence as legally insufficient to support her conviction under all five counts, and argues that, if this Court reverses any portion of her conviction, the entire case must be remanded for a new punishment hearing. We affirm.

## Facts and Procedural Background

The Texas Department of Protective and Regulatory Services (TDPRS) brought a suit to terminate appellant's parental rights regarding five children. One of the children was the subject of a parentage dispute concerning the identity of the child's biological father. An attorney ad litem was appointed for the unknown father to defend his parental rights and locate him.

On January 19, 2000, at a hearing on a motion for parental testing, appellant testified under oath that Greg Matney, her husband, was the only person that could possibly have caused her to conceive the child. During this preliminary hearing, appellant testified that she was unable to recall answers to almost every question asked by the attorney ad litem. The record reveals that appellant had previously told several people that her husband was not the father of the child. On April 19, 2000, appellant testified under oath that she was not sure of the identity of the child's biological father. During this second hearing, appellant admitted to having had extramarital affairs with two different men during the time the child was conceived. Although appellant identified one of the men as Ralph Gaitan, she testified

that she did not know the identity of the other man.

## Sentencing Error

■ Before addressing the substance of appellant's argument, we must discuss a sentencing error at trial. The record reflects that, although the trial court found appellant guilty of all five counts in the indictment, the judgment reads, in a single sentence, that appellant is "guilty of the offense" alleged in the indictment. When an accused is found guilty of more than one offense arising from a single criminal action, a sentence for each offense must be pronounced. *See* TEX. PEN.CODE ANN. § 3.03 (Vernon Supp.2002). The Court of Criminal Appeals has held that a single sentence pronounced for numerous convictions refers only to the first count in the indictment. *See Robinson v. State,* 553 S.W.2d 371, 372 (Tex.Crim.App.1977); *see also Harmon v. State,* 889 S.W.2d 521, 523 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). Because there is no judgment in the record for counts two through five, this Court lacks jurisdiction to address appellant's points of error on counts two through five. *See Harmon,* 889 S.W.2d at 523. Therefore, this Court will address appellant's issues regarding count one and dismiss, as moot, her issues concerning counts two through five.[1]

## Selective Prosecution

Appellant contends in her first issue that the trial court erred in failing to dismiss the indictment because of impermissible selective prosecution.

■ A defendant has the burden to prove a prima facie case of selective prosecution in showing what the Supreme Court has termed, "the existence of purposeful discrimination." *Green v. State,* 934 S.W.2d 92, 102 (Tex.Crim.App.1996) (citing *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987)). A defendant must first show that she has been singled out for prosecution while others similarly situated and committing the same acts have not been prosecuted. *Covalt v. State,* 877 S.W.2d 445, 446 (Tex. App.-Houston [1st Dist.] 1994, no pet.). A defendant must also demonstrate that the government's discriminatory selection of her for prosecution has been invidious or in bad faith, in that it rests upon such impermissible considerations as race, religion, or the desire to prevent her exercise of constitutional rights. *Id.* A defendant must provide "exceptionally clear evidence" that the decision to prosecute was for an improper reason. *Green,* 934 S.W.2d at 103.

■ Here, appellant argues that a witness at the hearing for the termination of her parental rights testified falsely as to the value of appellant's inheritance estate. Appellant has wholly failed to produce any specific evidence showing she was singled out for prosecution while others similarly situated and committing the same acts— falsely testifying to the identity of a child's biological father during a parental rights termination proceeding—were not prosecuted. Moreover, appellant has not presented any evidence showing any discriminatory intent on the part of the State in its prosecution of her.

We overrule appellant's first issue.

## Prosecutorial Misconduct

Appellant contends in her second issue that the trial court erred in denying her

---

1. This court will not address issues three through six because they specifically concern counts two and three of the indictment.

motion to dismiss the indictment based on prosecutorial misconduct. Appellant alleged that the State failed to present exculpatory evidence to the grand jury.

■■■ We review a trial court's ruling on a motion to quash an indictment for an abuse of discretion. *Jordan v. State*, 56 S.W.3d 326, 329 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd.). We note that, generally, the State has no duty to present exculpatory evidence to a grand jury. *See United States v. Williams*, 504 U.S. 36, 51, 112 S.Ct. 1735, 1744, 118 L.Ed.2d 352 (1992). If an indictment is valid on its face, an appellate court may not go behind the indictment to determine whether the indictment was properly returned or to review alleged procedural errors in its presentment. *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex.Crim.App.1990).

■■■ Appellant argues that the trial court erred in denying her motion to dismiss the indictment because the State failed to provide evidence to the grand jury that the results of a DNA paternity test showed that Gaitan was not the biological father of the child. Nevertheless, this evidence does not make true appellant's statement that her husband was the only possible biological father of the child. Appellant's indictment was valid on its face, and we hold that the trial court did not abuse its discretion in denying appellant's motion to dismiss the indictment.

We overrule appellant's second issue.

## Legal Sufficiency

In her seventh issue, appellant argues that the evidence was legally insufficient to support her conviction for aggravated perjury because her testimony was given at a time when she did not know whether Gaitan was the biological father of the child.

We review the legal sufficiency of the evidence by viewing it in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the fact finder. *Id.*

A person commits perjury when she, with intent to deceive and with knowledge of the statement's meaning, makes a false statement under oath and the statement is required or authorized to be made under oath. TEX. PEN.CODE ANN. § 37.02 (Vernon 1994). Aggravated perjury is committed when a material, false statement is made during or in connection with an official proceeding. TEX. PEN.CODE ANN. § 37.03 (Vernon 1994). Here, count one of the indictment alleged that appellant made two statements under oath, both of which could not be true. *See* TEX. PEN.CODE ANN. § 37.06 (Vernon 1994).

■■■ On January 19, 2000, appellant testified that the only person who could have fathered the child was Greg Matney, her husband. Subsequently, on April 19, 2000, appellant testified that she had extramarital affairs with two other men during the time of the child's conception, and she was not sure who was the biological father. Appellant's argument that her "allegedly inconsistent statements were made at a time when appellant did not know whether Ralph Gaitan was or was not the biological father" of the child does not logically preclude her conviction for aggravated perjury. Appellant unequivocally testified that her husband was the only person who could have fathered the child when, as she later testified, she was actually having sexual intercourse with two other men during the time the child was conceived. The record supports a finding that appellant made a material false statement,

under oath and during an official proceeding, with the intent to deceive and with knowledge of its meaning. Thus, we hold the evidence was legally sufficient to sustain appellant's conviction for aggravated perjury under count one of the indictment.

We overrule appellant's seventh issue.

Because we have overruled all of appellant's issues in regard to count one of the indictment, we need not address appellant's eighth issue.

### Conclusion

We affirm the judgment of the trial court.