In re GRAND JURY PROCEEDINGS
198.GJ.20.

No. 04–02–00402–CV.

Court of Appeals of Texas,
San Antonio.

June 18, 2003.

Rehearing Overruled July 16, 2003.

---

1. Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

Tom L. Newton, Jr., Frank J. Ford, Allen, Stein & Durbin, P.C., San Antonio, for appellant.

Charles S. Frigerio, Law Office of Charles S. Frigerio, P.C., Dawn L. Carmody, Law Office of Dawn L. Carmody, San Antonio, John Cornyn, Atty. Gen., Daniel E. Maeso, Asst. Atty. Gen., Austin, Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Opinion by: KAREN ANGELINI, Justice.

Harold Lloyd Shields[1] petitioned the trial court to order the disclosure of grand jury proceedings pursuant to article 20.02(d) of the Texas Code of Criminal Procedure.[2] The trial court denied the petition, and Shields appeals. Because the trial court did not abuse its discretion in denying Shields's petition, we affirm the trial court's judgment.

### BACKGROUND

Shields seeks the disclosure of state grand jury proceedings related to his indictment for aggravated sexual assault. Specifically, he hopes to use the grand jurors' deposition testimony as evidence in his federal civil rights and malicious prosecution suit against Donnie Jeanne Coleman and Carol Twiss, the prosecutor and the investigator, respectively, who presented the case against Shields to the grand jury. Coleman, an assistant district attorney, and Twiss, an investigator with the Kerr County Sheriff's Office, allegedly failed to present exculpatory evidence to the grand jury.

The grand jury investigation arose from the report of K.S., a seven-year-old girl living in Kerr County, that two male relatives and two other men had repeatedly sexually assaulted her over a period of several years. K.S. described one of the other men as having the initials "M.B.," owning a computer, living alone, driving a flatbed truck, and being physically capable of various sex acts. The investigation yielded strong evidence against K.S.'s grandfather, an acquaintance of Shields. K.S. was presented with a photo lineup, and she selected Shields's photo as one of the other men. However, there was also

---

1. We acknowledge Shields's death in June 2002. Because Shields died after the trial court rendered judgment but before the case will have been finally disposed of on appeal, we will proceed to adjudicate the case as if he were alive, without substitution of another party. See Tex.R.App. P. 7.1(a)(1).

2. The statute reads as follows:
   The defendant may petition a court to order the disclosure of information otherwise made secret by this article or the disclosure of a recording or typewritten transcription under Article 20.012 as a matter preliminary to or in connection with a judicial proceeding. The court may order disclosure of the information, recording, or transcription on a showing by the defendant of a particularized need.
   Tex.Code Crim. Proc. Ann. art. 20.02(d) (Vernon Supp.2003).

evidence tending to show that Shields was innocent. For example, Shields reported that he did not move to Kerr County until two years after the alleged assaults had begun. Also, Shields did not have the initials "M.B.," did not own a computer, did not live alone, did not drive a flatbed truck, and was not physically capable of performing the described sexual acts.

Coleman supervised Twiss's presentation of the evidence regarding Shields to the grand jury. The presentation was not recorded or transcribed. After hearing the presentation, the grand jury indicted Shields on three counts of aggravated sexual assault. Later, K.S. recanted and the State dismissed its case against Shields.

After the case against him was dismissed, Shields sued Coleman and Twiss in the United States District Court for the Western District of Texas alleging that their failure to present exculpatory evidence to the grand jury violated his civil rights and constituted malicious prosecution. As elements of his malicious prosecution claim, Shields sought to prove that the indictment was not supported by probable cause and the presence of actual mal-

ice.[3] During discovery, Shields's attorneys subpoenaed several grand jurors in an attempt to take their videotaped depositions. In response, Coleman and Twiss moved to quash the subpoenas and moved for a protective order preventing Shields from contacting the grand jurors. The federal district court granted the motions.

After failing to get the federal district court's permission to depose the grand jurors,[4] Shields filed a petition in the 198th Judicial District Court to request disclosure of the grand jury proceedings.[5] Specifically, Shields's petition requested permission to depose several grand jurors regarding whether Coleman and Twiss had presented them with exculpatory evidence about Shields. Shields contended that he could show a "particularized need" for the deposition testimony as required by article 20.02(d). During the hearing, however, the trial court questioned whether Texas law imposes a duty on prosecutors to present exculpatory evidence to grand juries. In fact, the trial court spent a good deal of time in the hearing focusing on the duty issue: "But if there's no duty to present exculpatory evidence, then how can that

---

3. The elements of a malicious prosecution are "(1) a criminal prosecution was commenced against the plaintiff; (2) the prosecution was initiated or procured by the defendant; (3) the prosecution terminated in favor of the plaintiff; (4) the plaintiff was innocent; (5) the defendant lacked probable cause to instigate the prosecution; (6) the defendant acted with malice in bringing about the prosecution; and (7) the plaintiff suffered damages as a result of the prosecution." *King v. Graham*, 47 S.W.3d 595, 604 (Tex.App.-San Antonio 2001, no pet.).

4. As Shields noted in his motion to reconsider, the federal district court may have based its orders on a belief that Shields should seek disclosure from the state trial court under article 20.02. Accordingly, we do not believe the federal district court conclusively or finally resolved the issues in this case. Thus, the

state trial court was not foreclosed from ruling on the issues as Twiss urges in her brief.

5. The procedure for petitioning for disclosure of grand jury proceedings is as follows:

A petition for disclosure under Subsection (d) must be filed in the district court in which the case is pending. The defendant must also file a copy of the petition with the attorney representing the state, the parties to the judicial proceeding, and any other persons required by the court to receive a copy of the petition. All persons receiving a petition under this subsection are entitled to appear before the court. The court shall provide interested parties with an opportunity to appear and present arguments for the continuation of or end to the requirement of secrecy.

TEX.CODE CRIM. PROC. ANN. art. 20.02(e) (Vernon Supp.2003).

... be a need when it's not even a duty of the prosecutor to present that?" The trial court later entered a judgment denying the petition. Shields appeals.

## STANDARD OF REVIEW

■ A trial court's decision regarding the disclosure of grand jury proceedings is reviewed under an abuse of discretion standard. *See Euresti v. Valdez,* 769 S.W.2d 575, 577 (Tex.App.–Corpus Christi 1989, no writ). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles; in other words, whether the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242.

## THE DUTY TO PRESENT EXCULPATORY EVIDENCE TO THE GRAND JURY

Before examining whether Shields made a showing of a particularized need, we will first examine whether Texas law requires prosecutors to present exculpatory evidence to a grand jury. Initially, we note that the United States Supreme Court has squarely addressed the issue and has found that there is no duty to disclose exculpatory material to federal grand juries. *See United States v. Williams,* 504 U.S. 36, 51, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992). In *Williams,* the Supreme Court examined the historical functioning of the grand jury system and stated that "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role,

transforming it from an accusatory to an adjudicatory body." *Id.* Thus, the Supreme Court has held that there is no duty on the part of the prosecutors to present exculpatory evidence to the grand jury. *See id.; accord United States v. Gross,* 41 F.Supp.2d 1096, 1097 (C.D.Cal.1999); *United States v. McCollough,* 855 F.Supp. 882, 886 (W.D.La.1994).

Among the state courts there are essentially three views. *See* Sharon N. Humble, Annotation, *Duty of Prosecutor to Present Exculpatory Evidence to State Grand Jury,* 49 A.L.R.5th 639, 649 (1997). Some state courts hold that prosecutors have a broad duty to present exculpatory evidence to grand juries. *See, e.g., Cummiskey v. Superior Court,* 3 Cal.4th 1018, 13 Cal.Rptr.2d 551, 839 P.2d 1059, 1068–69 (1992); *Lay v. State,* 110 Nev. 1189, 886 P.2d 448, 453 (1994). Others hold that prosecutors have no duty to present exculpatory evidence to grand juries. *See, e.g., People v. Beu,* 268 Ill.App.3d 93, 205 Ill. Dec. 811, 644 N.E.2d 27, 30 (1994); *State v. Easter,* 661 S.W.2d 644, 645 (Mo.Ct.App. 1983). The majority of the state courts that have addressed the issue have found that prosecutors have a limited duty to present exculpatory evidence to grand juries.[6] *See, e.g., State v. Hogan,* 144 N.J. 216, 676 A.2d 533, 541 (1996); *People v. Mitchell,* 82 N.Y.2d 509, 605 N.Y.S.2d 655, 626 N.E.2d 630, 633 (1993). This limited duty generally requires disclosure if the exculpatory value of the evidence is substantial. *See Hogan,* 676 A.2d at 541.

■ Only two Texas courts have addressed the issue. One court noted, in dicta, that "[j]ustice, of course, would best be served by a prosecutor affirmatively presenting a grand jury with any information which could affect its decision to re-

---

**6.** We note that among the jurisdictions that impose a duty to disclose exculpatory evidence, several do so on the basis of a particular state statute.

turn an indictment." *State v. Sandoval,* 842 S.W.2d 782, 789 (Tex.App.-Corpus Christi 1992, pet. ref'd). More recently, however, the First Court of Appeals, relying on *Williams,* noted that "generally, the State has no duty to present exculpatory evidence to a grand jury." *Matney v. State,* 99 S.W.3d 626, 629 (Tex.App.-Houston [1st Dist.] 2002, no pet. h.). We agree with the Houston court and apply the federal rule that prosecutors have no duty to present exculpatory evidence to the grand jury. Thus, Shields can show no particularized need to take the depositions of the grand jurors. We find that the trial court did not abuse its discretion in denying Shields's petition.

## CONCLUSION

We affirm the judgment of the trial court.

ALMA L. LÓPEZ, Chief Justice, dissenting.

The Texas Constitution prohibits a person from being held to answer for a criminal offense punishable by imprisonment in a penitentiary "unless on indictment of a grand jury." TEX. CONST. art. I, § 10. The question in this case is whether the state constitutional right to an indictment by a grand jury requires the prosecutor to present exculpatory evidence to the grand jury. The answer to this question must take into consideration that "the primary duty of all prosecuting attorneys" is "not to convict, but to see that justice is done." TEX.CODE CRIM. PROC. ANN. art. 2.01 (Vernon Supp.2003). This statutory duty prohibits prosecuting attorneys from suppressing facts or secreting witnesses "capable of establishing the innocence of the accused." *Id.*

The majority's opinion rejects the majority view among the states that prosecutors have a limited duty to present excul-

patory evidence to grand juries. Instead, the majority accepts the federal no duty rule without analyzing whether a defendant is entitled to greater protection under the Texas Constitution and Texas laws. *See Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App.1996) (adopting more expansive conditions with regard to double jeopardy under state law). The majority cites as support the global assertion by the Houston court in *Matney* that the State generally does not have a duty to present exculpatory evidence to a grand jury. *See Matney v. State,* 99 S.W.3d 626, 629 (Tex. App.-Houston [1st Dist.] 2002, no pet.).

In *Matney,* the appellant was charged with aggravated perjury after testifying that her husband was the only person that could possibly have caused her to conceive one of her children. 99 S.W.3d at 627. Later, the appellant admitted to having had extramarital affairs with two men during the time the child was conceived. *Id.* The appellant identified one of the men as Ralph Gaitan, but she could not identify the other man. *Id.* at 627–28. The exculpatory evidence was a DNA paternity test that excluded Gaitan as the possible father. *Id.* at 629. Although the Houston court noted the general no duty rule, citing *Williams* for support, the basis of the court's holding was that the exculpatory evidence did not make the appellant's statement that her husband was the only possible biological father of her child true. *Id.* This holding does not exclude the possibility that the Houston court might adopt a limited duty to present exculpatory evidence in a case where the evidence would establish a defendant's innocence.

In my opinion, the better reasoned analysis with regard to a prosecutor's duty to present exculpatory evidence to a grand jury is contained in *State v. Hogan,* 144 N.J. 216, 676 A.2d 533 (1996). In that case, the court analyzed the three state

views and declined "to adopt any rule that would compel prosecutors generally to provide the grand jury with evidence on behalf of the accused." *Id.* at 541–42. In adopting a limited duty, however, the court noted:

> Although the grand jury is not the final adjudicator of guilt and innocence, the presence of the right to indictment in the State Constitution indicates that the grand jury was intended to be more than a rubber stamp of the prosecutor's office. Our State Constitution envisions a grand jury that protects persons who are victims of personal animus, partisanship, or inappropriate zeal on the part of a prosecutor. In order to perform that vital protective function, the grand jury cannot be denied access to evidence that is credible, material, and so clearly exculpatory as to induce a rational grand juror to conclude that the State has not made out a *prima facie* case against the accused. If evidence of that character is withheld from the grand jury, the prosecutor, in essence, presents a distorted version of the facts, and interferes with the grand jury's decision-making function.

*Id.* at 542–43 (citations omitted).

The reason for adopting a limited duty is best exemplified in this case where Shields was charged with aggravated sexual assault of a seven-year-old girl. *See State v. Gaughran,* 260 N.J.Super. 283, 615 A.2d 1293, 1296–96 (1992) (dismissing indictment in sexual assault case in which prosecutor failed to present exculpatory medical evidence to the grand jury). Although the indictment has been dismissed, the stigma of the charge and the doubts raised in the minds of those around him cannot be erased. As Justice Stevens stated in his dissenting opinion in *Williams:*

> [W]hile in theory a trial provides the defendant with a full opportunity to con-

test and disprove the charges against him, in practice, the handing up of an indictment will often have a devastating personal and professional impact that a later dismissal or acquittal can never undo. Where the potential for abuse is so great, and the consequences of a mistaken indictment so serious, the ethical responsibilities of the prosecutor, and the obligation of the judiciary to protect against even the appearance of unfairness, are correspondingly heightened.

*United States v. Williams,* 504 U.S. 36, 63, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (Stevens, J., dissenting) (quoting *United States v. Serubo,* 604 F.2d 807, 817 (3rd Cir.1979)).

In this dissent, I do not explore the scope of the limited duty that I would impose on prosecutors. I simply note that prosecutors should have a limited duty to present exculpatory evidence to a grand jury for several reasons, including: (1) a defendant's state constitutional right to a meaningful indictment; (2) a Texas prosecutor's statutory duty to see that justice is done; and (3) a Texas prosecutor's statutory obligation not to suppress facts. Because the majority holds to the contrary, I respectfully dissent.