Opinion issued April 1, 2004











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00009-CR




JOSE RODOLFO HINOJOSA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 907704




MEMORANDUM OPINION

          Appellant, Jose Rodolfo Hinojosa, without an agreed recommendation from the
State, pleaded guilty to the felony offense of possession with intent to deliver a
controlled substance, namely, cocaine, weighing at least 400 grams. The trial court
found appellant guilty and assessed punishment at 20 years’ confinement and a
$5,000 fine. In a single point of error, appellant contends that his conviction is void
because it was based on a “bogus” indictment. We affirm.
Anders Brief
          Appellant’s appointed counsel moved to withdraw from appellant’s
representation on appeal and, in support, submitted a brief stating his opinion that the
appeal was without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional
evaluation of the record and stating why there are no arguable grounds of error on
appeal. See Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.]
2000, no pet.). Counsel advised appellant of his evaluation of the appeal, sent
appellant a copy of his Anders brief, and informed him of his right to file a pro se
response. The State waived its opportunity to respond to appellant’s Anders brief. 
Thereafter, appellant filed a pro se response.
Background
          On April 3, 2002, appellant was arrested and detained in the Harris County Jail. 
On April 4, 2002, the State filed a complaint charging appellant with the felony
offense of possession with intent to deliver a controlled substance, namely cocaine,
weighing at least 400 grams. On June 19, 2002, the Harris County Grand Jury
indicted appellant. 
Discussion
          In his sole point of error, appellant argues that his conviction is void because
it was based on a “bogus” indictment. Appellant bases his argument on language on
the face of the indictment indicating that it was prepared on April 4, 2002, less than
24-hours after his arrest. According to appellant, this alone proves that the prosecutor
prepared the indictment without a grand jury first voting to indict appellant. 
Appellant further hypothesizes that, on June 19, 2002, the grand jury foreman, or
someone other than the foreman, “rubber-stamped” the “bogus” indictment. 
Appellant asserts that this process violated articles 20.19 and 20.20 of the Texas Code
of Criminal Procedure,


 Article 5, section 12(b) of the Texas Constitution,


 and the
Fifth Amendment to the United States Constitution.


 
          However, it is well established that if an indictment is valid on its face, an
appellate court may not go behind the indictment to determine whether the indictment
was properly returned or to review alleged procedural errors in its presentment. 
Matney v. State, 99 S.W.3d 626, 629 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(citing DeBlanc v. State, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990)); Douglas v.
State 739 S.W.2d 660, 661-62 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d). 
Under article 21.02 of the Code of Criminal Procedure, an indictment is deemed
sufficient if it has the following requisites: 
1.It shall commence, “In the name and by authority of The State of
Texas”.
 
2. It must appear that the same was presented in the district court of
the county where the grand jury is in session.
 
3. It must appear to be the act of a grand jury of the proper county.
 
4. It must contain the name of the accused, or state that his name is
unknown and give a reasonably accurate description of him.
 
5. It must show that the place where the offense was committed is
within the jurisdiction of the court in which the indictment is
presented.
 
6. The time mentioned must be some date anterior to the
presentment of the indictment, and not so remote that the
prosecution of the offense is barred by limitation.
 
7. The offense must be set forth in plain and intelligible words.
 
          8.       The indictment must conclude, “Against the peace and dignity of the
State”.
 
          9.       It shall be signed officially by the foreman of the grand jury.

Tex. Code Crim. Proc. Ann. art. 21.02 (Vernon 1989). 
          In this case, the indictment, signed by the grand jury foreman, states:
In the name and by authority of the State of Texas: The duly organized
Grand Jury of Harris County, Texas, presents in the District Court of
Harris County, Texas, that in Harris County, Texas, Jose Rodolfo
Hinojosa, hereafter styled the Defendant, heretofore on or about April
3, 2002, did then and there unlawfully, knowingly possess with intent
to deliver a controlled substance, namely, cocaine, weighing at least 400
grams by aggregate weight, including any adulterants and dilutants. 
Against the peace and dignity of the State. 

There is no dispute that the indictment is valid on its face. Therefore, we may not
go behind the indictment to review any alleged procedural errors in its presentment. 
Matney, 99 S.W.3d at 630. Accordingly, we overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
          We grant appellate counsel’s motion to withdraw. Stephens, 35 S.W.3d at 771. 
We note that counsel still has a duty to inform appellant of the result of this appeal
and also to inform appellant that he may, on his own, pursue discretionary review in
the Court of Criminal Appeals. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).
 



                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).