OPINION



Nos. 04-03-00628-CR, 04-03-00629-CR, 04-03-00630-CR, 

04-03-00631-CR, 04-03-00632-CR


The STATE of Texas,


Appellant



v.



Frank FORD,


Appellee



From the 198th Judicial District Court, Kerr County, Texas


Trial Court Nos. B03-63, B03-64, B03-65, B03-66, B03-67


Honorable John DeLaney, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: January 12, 2005


MOTION TO DISMISS APPEAL DENIED; MOTION FOR REHEARING DENIED

 The State appeals the trial court's order quashing the indictments against Appellee Frank
Ford. Ford filed a motion to dismiss the appeal for lack of jurisdiction. (1) On July 14, 2004, we issued
an opinion and order denying Appellee Frank Ford's motion to dismiss. In his motion to dismiss, Ford
argued that we lacked jurisdiction over this appeal because the attorney pro tem did not timely file
his oath with the clerk of the court. In our opinion of July 14, 2004, we rejected Ford's argument and
held that the attorney pro tem's delay in filing the oath with the district clerk was a mere irregularity
that did not render his oath invalid. Ford has now filed a motion for rehearing. In his motion for
rehearing, Ford, for the first time, points out that the "oath" referred to by all parties in the motion
to dismiss and responses thereto (and by us in our opinion) was not the oath required of all appointed
state officers under article XVI, section 1, of the Texas Constitution; instead, this "oath" was the anti-bribery statement. Thus, in his motion for rehearing, Ford argues that the attorney pro tem's failure
to take the oath required by the Texas Constitution deprives us of jurisdiction. We disagree and deny
Ford's motion for rehearing. However, we withdraw our opinion and order of July 14, 2004, and
issue this opinion and order in their place. 

Background 


 This appeal arises from Tom Newton and Frank Ford's actions in In re Grand Jury
Proceedings, 129 S.W.3d 140 (Tex. App.--San Antonio 2003, pet. denied). (2) In that case, Newton
and Ford represented the appellant, Harold Shields. Shields sought disclosure of state grand jury
proceedings related to his indictment for aggravated sexual assault. Id. at 141. Specifically, he hoped
to use the grand jurors' deposition testimony as evidence in his federal civil rights and malicious
prosecution suit against Donnie Jeanne Coleman and Carol Twiss, the prosecutor and the
investigator, respectively, who presented the case against Shields to the grand jury. Id. Coleman, an
assistant district attorney, and Twiss, an investigator with the Kerr County Sheriff's Office, allegedly
failed to present exculpatory evidence to the grand jury. Id. at 142. (3) The presentation was not
recorded or transcribed. Id. After hearing the presentation, the grand jury indicted Shields on three
counts of aggravated sexual assault. Id. Later, K.S., the victim, recanted, and the State dismissed its
case against Shields. Id.

 After the case against him was dismissed, Shields sued Coleman and Twiss in federal court,
alleging that their failure to present exculpatory evidence to the grand jury violated his civil rights and
constituted malicious prosecution. Id. As elements of his malicious prosecution claim, Shields sought
to prove that (1) the indictment was not supported by probable cause and (2) the presence of actual
malice. Id. During discovery, Newton and Ford, Shields's attorneys, subpoenaed several grand jurors
in an attempt to take their videotaped depositions. Id. In response, Coleman and Twiss moved to
quash the subpoenas and moved for a protective order preventing Shields from contacting the grand
jurors. Id.

 Because Newton and Ford allegedly talked to certain members of the grand jury about the
grand jury proceedings, they were indicted on February 26, 2003 for "knowingly and with the intent
to obtain a benefit, solicit or receive from a public servant, to wit: grand juror . . . information that
said public servant had access to by means of his/her office, and that said information had not been
made public." Newton and Ford filed a joint motion to quash the indictments. The trial court granted
the motion and the State appealed.

Motion to Dismiss


 Newton and Ford have filed a joint motion to dismiss the State's appeal, arguing that we do
not have jurisdiction. Specifically, Newton and Ford complain of the "Special Prosecutor," Kurtis S.
Rudkin, having signed the notices of appeal. According to Newton and Ford, to invoke this court's
jurisdiction, Ronald Sutton, the District Attorney, should have signed the notices of appeal. In
response, the State contends that with regard to this appeal, Rudkin has the full authority and powers
of Sutton's Office.

 Article 44.01(d) of the Texas Code of Criminal Procedure states that "[t]he prosecuting
attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day
after the date on which the order, ruling, or sentence to be appealed is entered by the court." Tex.
Code Crim. Proc. Ann. art. 44.01(d) (Vernon Supp. 2004-05). "Prosecuting attorney" is defined
as "the county attorney, district attorney, or criminal district attorney who has the primary
responsibility of prosecuting cases in the court hearing the case and does not include an assistant
prosecuting attorney." Id. art. 44.01(i). And, according to Texas Rule of Appellate Procedure
25.2(c)(2), a State's notice of appeal is sufficient if it complies with article 44.01. Tex. R. App. P.
25.2(c)(2). 

 In State v. Muller, 829 S.W.2d 805, 809 (Tex. Crim. App. 1992), an assistant prosecuting
attorney signed the notice of appeal. The court of criminal appeals held that article 44.01(d)'s phrase
"'make an appeal' clearly requires . . . the prosecuting attorney to personally supervise and authorize
the appeals to be undertaken by his office on behalf of the State." Id. at 810. And, the court held that
pursuant to article 44.01, "prosecuting attorney" clearly does not include an assistant prosecutor or
subordinate. Id. at 809. However, the prosecuting attorney need not sign the notice of appeal to
"make an appeal"; he must "either physically sign the notice of appeal or personally instruct and
authorize a subordinate to sign the specific notice of appeal in question." Id. at 810. And, "this
personal authorization [must] occur prior to the expiration of the fifteen day window of appeal." Id. 

 In State v. Rosenbaum, 852 S.W.2d 525, 525-26 (Tex. Crim. App. 1993), upon defendant's
motion, the trial court disqualified the district attorney and appointed a special prosecutor to
"investigate" and "prosecute" the case. After the trial court quashed the indictment, the special
prosecutor timely filed a notice of appeal with the court of appeals. Id. at 526. Relying on Muller,
the court of appeals held that it was without jurisdiction to hear the appeal because the requirements
of article 44.01(d) had not been met. Id. The court of criminal appeals reversed, noting that Muller
did not cover this situation in which the district attorney is altogether removed from a case and a
special prosecutor is substituted for that district attorney. Id. at 527. The court noted that when a
district attorney is considered disqualified, article 2.07(a) allows the trial court to appoint "any
competent attorney to perform the duties of the office during the absence or disqualification of the
attorney for the state." Id. (citing Tex. Code Crim. Proc. Ann. art. 2.07(a)). According to the court,
article 2.07(a) "states plainly that the pro tem attorney will perform the duties of the district
attorney." Id. (citing Tex. Code Crim. Proc. Ann. art. 2.07(a)). The court also noted that "over 120
years ago, the Texas Supreme Court (then vested with general authority over criminal matters) held
that 'an attorney pro tem appointed by the court has all the powers and duties of the regular
prosecuting attorney.'" Id. (quoting State v. Lackey, 35 Tex. 357 (1872)). Thus, the court of criminal
appeals concluded that "if a district attorney is disqualified, the court may appoint any competent
attorney to assume all the district attorney's duties and powers during his disqualification." Id. As
such, the court of criminal appeals distinguished Muller:

 [A]n attorney pro tem or special prosecutor takes the place of the disqualified district
attorney assuming all the district attorney's powers and duties in the case. Therefore,
the special prosecutor is not subject to the direction of the disqualified district
attorney as is a subordinate, but, for that case, he is the district attorney. Thus, this
case before us is distinguished from Muller because no subordinate to the district
attorney is involved, but a substitute who was given the primary responsibility for the
case by court order.

Id. at 528 (emphasis in original). Because the special prosecutor was given all the powers of the
district attorney, his notice of appeal invoked the jurisdiction of the court of appeals. Id. 

 The concurrence by Judge Clinton emphasizes the misuse of the terms "special prosecutor"
and "attorney pro tem." (4)
 A district attorney "pro tem" is "appointed by the district court, and after
taking the oath of office assumes the duties of the elected district attorney and in effect replaces the
latter in performing germane functions of office for purposes contemplated by the appointment." Id.
at 529 (Clinton, J., concurring) (emphasis in original). In contrast, a "special prosecutor" is
"permitted by the elected district attorney to participate in a particular case to the extent allowed by
the prosecuting attorney, without being required to take the constitutional oath of office." Id.
(emphasis in original). Noting the distinctions between these terms, Judge Clinton cautioned his court
and other courts in using the terms synonymously. Id. at 530. 

 According to Newton and Ford, Muller is dispositive, requiring us to dismiss this appeal.
Because (1) there is nothing in the record to indicate that Sutton personally authorized Rudkin to
make the appeal and (2) Muller does not allow the record to be supplemented to so indicate a
personal authorization outside the fifteen-day period for filing the notice of appeal, we must dismiss.
However, Newton and Ford's reasoning only applies if Rudkin is simply an attorney aiding Sutton,
i.e. a special prosecutor. If, on the other hand, Rudkin was properly appointed as the attorney pro
tem, his notice of appeal would be sufficient pursuant to Rosenbaum. Our issue is, therefore, whether
Rudkin was properly appointed as attorney pro tem pursuant to article 2.07. 

 Article 2.07 provides for the appointment of an attorney pro tem: 

 Art. 2.07. Attorney pro tem 


 (a) Whenever an attorney for the state is disqualified to act in any case or proceeding,
is absent from the county or district, or is otherwise unable to perform the duties of
his office, or in any instance where there is no attorney for the state, the judge of the
court in which he represents the state may appoint any competent attorney to perform
the duties of the office during the absence or disqualification of the attorney for the
state. 


 (b) Except as otherwise provided by this subsection, if the appointed attorney is also
an attorney for the state, the duties of the appointed office are additional duties of his
present office, and he is not entitled to additional compensation. Nothing herein shall
prevent a commissioners court of a county from contracting with another
commissioners court to pay expenses and reimburse compensation paid by a county
to an attorney for the state who is appointed to perform additional duties. 


 (b-1) An attorney for the state who is not disqualified to act may request the court to
permit him to recuse himself in a case for good cause and upon approval by the court
is disqualified. 


 (c) If the appointed attorney is not an attorney for the state, he is qualified to perform
the duties of the office for the period of absence or disqualification of the attorney for
the state on filing an oath with the clerk of the court. He shall receive compensation
in the same amount and manner as an attorney appointed to represent an indigent
person. 


 (d) In this article, "attorney for the state" means a county attorney, a district attorney,
or a criminal district attorney. 


 (e) In Subsections (b) and (c) of this article, "attorney for the state" includes an
assistant attorney general.


 (f) In Subsection (a) of this article, "competent attorney" includes an assistant
attorney general.


 (g) An attorney appointed under Subsection (a) of this article to perform the duties
of the office of an attorney for the state in a justice or municipal court may be paid a
reasonable fee for performing those duties.


Tex. Code Crim. Proc. Ann. art. 2.07 (Vernon 1977 & Supp. 2004-05).

 In its response, the State contends that Rudkin is the attorney pro tem. For support, the State
references the Order of Appointment dated November 8, 2002 by the Honorable Stephen B. Ables:

 I, Stephen B. Ables, District Judge for the 216th Judicial District of the State of
Texas, having full confidence in Kurtis S. Rudkin, of Kendall County, Texas, do
hereby with the consent of Kurtis S. Rudkin, and by request of the 198th Judicial
District Judge and District Attorney appoint him as Special Prosecutor for the 198th
Judicial District of Texas, to act in name, place and stead, to do and perform any and
all acts by virtue of said appointment, and hereby ratify and confirm any and all acts
lawfully done by virtue hereof. 

(emphasis added). Indeed, although "special prosecutor" is misused, this language endows Rudkin
with all of the district attorney's powers. 

 In their reply brief, Newton and Ford contend that the record does not show that the trial
court complied with article 2.07. First, they argue that the record does not reflect that Sutton, the
district attorney, was disqualified. Newton and Ford were not indicted until February 26, 2003. As
such, Rudkin was appointed as special prosecutor before criminal proceedings began. Thus, there is
no motion for recusal or disqualification. However, the order of appointment does reference that the
trial court was appointing Rudkin on request of the District Attorney. Article 2.07 (b-1) provides,
"An attorney for the state who is not disqualified to act may request the court to permit him to recuse
himself in a case for good cause and upon approval by the court is disqualified." Tex. Code Crim.
Proc. Ann. art. 2.07 (b-1) (Vernon Supp. 2004-05). As such, the order shows that the trial court
complied with article 2.07 (b-1).

 Second, Newton and Ford emphasize that the judge for the 216th Judicial District Court
appointed Rudkin to act as attorney pro tem in the 198th Judicial District Court. Article 2.07(a)
provides that "the judge of the court in which [the prosecuting attorney] represents the state may
appoint any competent attorney to perform the duties of the office during the absence or
disqualification of the attorney for the state." Id. art. 2.07(a). However, under the exchanges-of-benches doctrine, the 216th District Court had authority to appoint Rudkin. The Texas Constitution
states in part that "the district judges may exchange districts, or hold courts for each other when they
deem it expedient, and shall do so when required by law." Tex. Const. art. V, § 11; see Davila v.
State, 651 S.W.2d 797, 799 (Tex. Crim. App. 1983); Tex. Gov't Code Ann. § 74.094(a) (Vernon
Supp. 2004-05) (a district judge may hear and determine a matter pending in any district court in the
county regardless of whether the matter is preliminary or final or whether there is a judgment in the
matter, and his judgments, orders or actions are valid and binding as if the case were pending in his
own court). Furthermore, section 24.303 of the Texas Government Code states that "[i]n any county
in which there are two or more district courts, the judges of those courts may, in their discretion,
. . . exchange benches or districts from time to time." Tex. Gov't Code Ann. § 24.303(a) (Vernon
2004). Therefore, the 216th District Court had authority to appoint Rudkin. 

 Third, Newton and Ford argue that Rudkin is not an attorney pro tem because the record does
not reflect that he took the oath required of all appointed officers under the Texas Constitution. (5)
Article 2.07(c) provides that "[i]f the appointed attorney is not an attorney for the state, he is
qualified to perform the duties of the office for the period of absence or disqualification of the
attorney for the state on filing an oath with the clerk of the court." Id. art. 2.07(a). Thus, an attorney
pro tem is required to take the oath as required by the constitution. See Rosenbaum, 852 S.W.2d at
529 (Clinton, J., concurring) ("Basically, a 'district attorney pro tem' is appointed by the district
court, and after taking the oath of office assumes the duties of the elected district attorney and in
effect replaces the latter in performing germane functions of office for purposes contemplated by the
appointment.") (emphasis in original). In his response to Newton and Ford's joint motion for
rehearing, Rudkin admits that he never took the oath required by article 2.07 and article XVI, section
1(a) of the Texas Constitution. (6)
 Does Rudkin's failure to take the oath and file it in compliance with
the Texas Constitution and article 2.07 of the Texas Code of Criminal Procedure prevent him from
invoking the jurisdiction of this court? Or, does Newton and Ford's failure to object below make
Rudkin a de facto attorney pro tem capable of invoking the jurisdiction of this court?

 In 2002, the Waco Court of Appeals held in Marbut v. State, 76 S.W.3d 742 (Tex.
App.--Waco 2002, pet. ref'd), that a defendant must object in the trial court to procedural violations
in appointing an attorney pro tem or that defendant waives the issue. In Marbut, although there were
several procedural violations in appointing the attorney pro tem, the court held that the defendant
waived this issue by failing to object in the trial court. Id. at 749; see also Stephens v. State, 978
S.W.2d 728, 730 (Tex. App.--Austin 1998, pet. ref'd) (holding that appellant's failure to object in
trial court to attorney pro tem's failure to meet the requirements of article 2.07 waived any error).
In doing so, the Waco Court of Appeals relied on the court of criminal appeals's opinion in Marin
v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), overruled on other grounds by Cain v. State,
947 S.W.2d 262 (Tex. Crim. App. 1997). 

 In Marin, the court of criminal appeals recognized that a defendant's rights arose from distinct
rules that generally fall into one of three categories: (1) absolute requirements and prohibitions; (2)
rights which must be implemented by the system unless expressly waived; and (3) rights which are
implemented only upon request and therefore can be forfeited. Id. The court noted that the third
category includes rights that arise from rules that are optional at the request of a defendant. Id. at
278. Texas Rule of Appellate Procedure 33.1 applies only to these rights; the judge must implement
them only on request of a party, and they will be forfeited if no complaint is made at trial. Id. at 280.
Ordinary objections to evidence and procedural benefits are included in this category. Id. 

 In finding that rule 33.1 applies to a defendant's complaint about an attorney pro tem under
article 2.07, the Waco Court of Appeals explained:

 Article 2.07 does not concern the jurisdiction of the trial court or the constitutionality
of a statute. Marin, 851 S.W.2d at 279. Furthermore, a defendant's right to have a
prosecutor qualified under article 2.07 to represent the State is not a right "so
fundamental to the proper functioning of our adjudicatory process" that it cannot be
forfeited. Id. at 278. Article 2.07 sets out a procedural process for the appointment
of an ad hoc district attorney. If those procedures are not properly followed, the
defendant should object. Failure to do so, under rule 33.1, forfeits the complaint on
appeal.

Marbut, 76 S.W.3d at 750. Thus, the Waco Court of Appeals held that a defendant must object to
the attorney pro tem's failure to comply with article 2.07 in the trial court. Id.

 Likewise, courts have held that an appellant cannot object on appeal for the first time to the
failure of a trial court judge to meet all the proper requirements. See Wilson v. State, 977 S.W.2d
379, 380-81 (Tex. Crim. App. 1998) (holding that appellant may not object for first time on appeal
to a procedural irregularity in the assignment of a former judge who is otherwise qualified). "When
a judge is holding office under the color of law and discharging his duties of office, his acts are
conclusive as to all parties and cannot be attacked in an appeal, even though the person acting as
judge lacks the necessary qualifications and is incapable of legally holding the office." Rosell v.
Central W. Motor Stages, Inc., 89 S.W.3d 643, 651 (Tex. App.--Dallas 2002, pet. denied); see also
Espinosa v. State, 115 S.W.3d 64, 66 (Tex. App.--San Antonio 2003, no pet.).

 By holding that the defendant must object to preserve error, these cases are, in essence,
holding that the actions of the attorney pro tem or the trial court are voidable, not void. Here, if
Rudkin's actions are voidable and the defendant did not object below, was Rudkin a de facto attorney
pro tem with the authority to "make an appeal"? We believe so. Newton and Ford's failure to object
below clothed Rudkin with authority to act as attorney pro tem, and as a de facto attorney pro tem,
Rudkin's notice of appeal invokes the jurisdiction of this court. (7)

Conclusion


 Although the trial court's order of appointment used the term "special prosecutor," Rudkin
is, in substance, an attorney pro tem. And, Newton and Ford's failure to timely object to Rudkin's
qualifications as an attorney pro tem under article 2.07 made Rudkin a de facto attorney pro tem
capable of invoking the jurisdiction of this court. Therefore, the notice of appeal signed by Rudkin
invoked our jurisdiction over this appeal. We deny Ford and Newton's joint motion to dismiss the
State's appeal.


 Karen Angelini, Justice


Publish
1. Appeal Nos. 04-03-00628-CR, 04-03-00629-CR, 04-03-00630-CR, 04-03-00631-CR, and 04-03-00632-CR
are consolidated.
2. The State has also appealed the trial court's order quashing the indictments against Tom Newton. The motion
to dismiss and the motion for rehearing are joint motions filed by both Tom Newton and Frank Ford. With respect to
Tom Newton's motion to dismiss and motion for rehearing, please see our opinion in consolidated appeal nos. 04-03-00633-CR, 04-03-00634-CR, 04-03-00635-CR, 04-03-00636-CR, and 04-03-00637-CR.
3. Coleman supervised Twiss's presentation of the evidence regarding Shields to the grand jury. In re Grand
Jury Proceedings, 129 S.W.3d at 142.
4. The majority explained in a footnote that it used the term "special prosecutor" "because that is the term used
by the parties and the court of appeals." Rosenbaum, 852 S.W.2d at 526 n.1. The majority, however, acknowledged
"the remarks of [Judge] Clinton in his concurring opinion noting the proper categorization of special prosecutor and
district attorney pro tem." Id.

5. In their original motion to dismiss, Newton and Ford argued that Rudkin was not an attorney pro tem because
the record did not reflect that he filed an oath with the clerk of the court as required by article 2.07(c). However, now
on rehearing, Newton and Ford have pointed out that the "oath" referred to in the motion to dismiss and responses
thereto was not the correct oath, but instead was an anti-bribery statement. Thus, we need no longer address Rudkin's
failure to timely file the "oath"; instead, we must address whether Rudkin's failure to take the oath deprives us of
jurisdiction.
6. Article XVI, section 1 of the Texas Constitution provides: 


 (a) All elected and appointed officers, before they enter upon the duties of their offices, shall take the
following Oath or Affirmation:


 "I, _________, do solemnly swear (or affirm), that I will faithfully execute the duties of the office
of _________ of the State of Texas, and will to the best of my ability preserve, protect, and defend
the Constitution and laws of the United States and of this State, so help me God."


 (b) All elected or appointed officers, before taking the Oath or Affirmation of office prescribed by
this section and entering upon the duties of office, shall subscribe to the following statement:


 "I, _________, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered,
promised to pay, contributed, or promised to contribute any money or thing of value, or promised any
public office or employment for the giving or withholding of a vote at the election at which I was
elected or as a reward to secure my appointment or confirmation, whichever the case may be, so help
me God.


 (c) Members of the Legislature, the Secretary of State, and all other elected and appointed state
officers shall file the signed statement required by Subsection (b) of this section with the Secretary
of State before taking the Oath or Affirmation of office prescribed by Subsection (a) of this section.
All other officers shall retain the signed statement required by Subsection (b) of this section with the
official records of the office.


Tex. Const. art. XVI, § 1. Here, Rudkin subscribed to the anti-bribery statement as required by subsection (b).
However, Rudkin admits that he never took the oath as required by subsection (a). 

7. We note that Newton and Ford rely on Prieto Bail Bonds v. State, 994 S.W.2d 316 (Tex. App.--El Paso
1999, pet. ref'd), for their assertion that Rudkin's actions are void. In doing so, they emphasize Prieto's holding:
"Because [the judge] was required to take the constitutional oaths, but did not do so, all judicial actions taken by him
in the case below were without authority." Id. at 321. Prieto, however, is distinguishable. In Prieto, the defendant,
Prieto Bail Bonds, raised its challenge to the judge "after the judgment nisi issued but prior to the final forfeiture
hearing." Id. at 318. However, because the judgment nisi was the first notice of forfeiture given to a surety such a Prieto
Bail Bonds, the court found that Prieto objected timely. Id. After finding that Prieto had preserved its complaint, the
court addressed the merits and determined that because the judge had failed to take the required constitutional oaths,
his actions were void. Id. at 321. Here, however, there is no timely objection.