**In re 5 BYRD ENTERPRISES, INC., d/b/a El Chico of Huntsville and El Chico of The Woodlands, and Walter Berner, Relators.**

No. 09–98–394 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 8, 1998.

Decided Dec. 10, 1998.

Michael W. McCoy, Benckenstein & Oxford, Houston, for relators.

Russell Hardin, Houston, for real party in interest.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

This is a mandamus case involving discorver issues. In early 1997, Beth Bowen, then sixteen years of age, was employed at an El Chico Restaurant owned and operated by 5 Byrd Enterprises, Inc. (5 Byrd). Ms. Bowen alleged that Walter Berner, one of her supervisors, sexually assaulted her. The Montgomery County Sheriff and District Attorney conducted an investigation and Berner was no-billed by a Montgomery County grand jury. Berner then filed a defamation suit against Drue Bowen, Beth's mother. Drue Bowen filed a counterclaim against Berner alleging sexual assault, sexual harassment and intentional infliction of emotional distress. Drue Bowen also filed a third-party action against 5 Byrd alleging vicarious liability for the acts of Berner and alleging negligence on the part of 5 Byrd.

Berner had appeared before the grand jury and his testimony had been recorded. Drue Bowen filed a motion seeking the disclosure of Berner's testimony. Bowen also filed a request for production in which she sought to discover information concerning

any and all polygraph examinations taken by Berner in connection with any of the proceedings. The trial court entered orders directing the grand jury testimony of Berner be made available to Bowen and directing Berner to produce all documents relating to all polygraph examinations taken by him (in whole or in part). Berner seeks a mandamus ordering the trial judge to rescind both orders.

## The Grand Jury Testimony

■ There is an excellent synopsis of Texas law on this issue in *Stern v. State ex rel. Ansel,* 869 S.W.2d 614, 622 (Tex.App.—Houston [14th Dist.] 1994, writ denied):

Texas courts have permitted the veil of grand jury secrecy to be pierced in only a few instances. Evidence of what transpired before a grand jury is admissible only when, *in the judgment of the court,* it becomes material to the administration of justice that disclosure be allowed. *Wisdom v. State,* 42 Tex.Crim. 579, 61 S.W. 926, 927 (1901); *Hines v. State,* 37 Tex. Crim. 339, 39 S.W. 935, 936 (1897) (grand jury testimony admissible to impeach witness or prove perjury); *Spangler v. State,* 41 Tex.Crim. 424, 55 S.W. 326, 329 (1900) (grand jury testimony may be used to refresh memory of witness); *Addison v. State,* 85 Tex.Crim. 181, 211 S.W. 225 (1919) (grand jury testimony may be disclosed to show circumstances in which grand jury secrets became known); *Rothschild v. State,* 7 Tex.Ct.App. 519, 537 (1880) (veil of grand jury secrecy may be pierced to determine whether jury was made up of required number of persons); *Trevinio v. State,* 27 Tex.App. 372, 11 S.W. 447 (1889), overruled on other grounds by *Singleton v. State,* 171 Tex.Crim. 196, 346 S.W.2d 328, 330 (1961) (grand jury secrecy may be pierced to determine whether unauthorized person was present when the jurors were deliberating or voting); *Euresti v. Valdez,* 769 S.W.2d 575, 582 (Tex. App.—Corpus Christi 1989, no writ) (grand jury testimony may be divulged to prove elements of malicious prosecution). We find it compelling that in each instance in which disclosure may be obtained, it may only be obtained by *judicial order.*

In *Euresti v. Valdez,* 769 S.W.2d 575, 579 (Tex.App.—Corpus Christi 1989, no writ) the court held that grand jury testimony can be discovered in a civil suit if a particularized need is shown. We believe this to be a correct statement of the law.

Bowen's motion sought Berner's grand jury testimony "to determine whether there are inconsistencies in his testimony ... for possible impeachment, to refresh his recollection and to test his credibility." We do not believe this is the level of "particularized need" required to pierce grand jury secrecy.[1] Therefore, the trial judge abused his discretion in ordering the disclosure of the grand jury testimony.[2]

## The Polygraph Examinations [3]

■ After Beth Bowen accused Berner of sexual assault, Berner hired Brett Shine to represent him. Shine arranged for Berner to take a polygraph examination. Berner participated in three sessions; the first two were not completed and the third apparently was favorable to Berner. Bowen issued a subpeona ducus tecum in connection with Berner's deposition for all relevant documents regarding all the polygraph examinations. Berner furnished the documentation in connection with the third polygraph examination, but objected to furnishing any information regarding the two prior examinations on several grounds—the documents sought are not relevant and not reasonably calculated to lead to the discovery of admissible

1. Tex.Code Crim. Proc. Ann. art. 20.02(a) (Vernon Supp.1999).

2. The Montgomery County District Attorney has not appeared nor filed an amicus curiae brief in this matter.

3. It has long been held that results of a polygraph examination are not admissible in civil suits. *Posner v. Dallas County Child Welfare Unit of Texas Dept. of Human Services,* 784 S.W.2d 585, 588 (Tex.App.—Eastland 1990, writ denied) and cases cited therein. *Bufkin v. Texas Farm Bureau Mut. Ins. Co.,* 658 S.W.2d 317, 322 (Tex. App.—Tyler 1983, no writ) and cases cited therein.

evidence and the documents are exempt from discovery under TEX.R. CIV. P. 166b(3) [4]

We need only look to *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 473–76 (Tex. 1997) for the resolution of this issue, as it falls squarely within the consulting expert exemption. The court stated:

> ... Like the work-product privilege, this consulting-expert privilege grants parties and their attorneys a sphere of protection and privacy in which to develop their case. Parties and counsel may consult with an expert to attempt to recreate an accident and test their litigation theories. If the expert's conclusions support the consulting party's case, that expert may be designated as a witness for trial. If, on the other hand, the expert's conclusions do not support the party's case, the identity of the expert and his or her conclusions need not be revealed to the other side. . . .

Without the consulting-expert privilege, parties would be reluctant to test an uncertain theory, for fear that it would provide evidence for the other side. As one commentator has explained:

> An attorney or party consults with an expert to try out new theories or to develop new facts, all with unpredictable results. Thus, the work produced by an expert is deserving of as much protection as the work of an attorney or other agent or representative of a party. If the results are favorable, the witness will most likely become a testifying expert, whose opinions, mental impressions, and knowledge are fully discoverable. If the results are unfavorable, however, the rules allow the party to keep the expert's identity and work confidential.

Albright, *The Texas Discovery Privileges: A Fool's Game?*, 70 TEX. L.REV. 781, 848 (1992). . . .

Attorney Shine's affidavit clearly establishes the terminated polygraph examinations were "merely consulting experts whose opinions were not be [sic] used at trial nor reviewed by any testifying expert." Thus, they are not discoverable. The trial court abused its discretion in ordering the production of any documents or information regarding these polygraph examinations.

**4. Rule 166b. Forms and Scope of Discovery; Protective Orders; Supplementation of Responses**

**3. Exemptions.** The following matters are protected from disclosure by privilege:

a. *Work Product.* The work product of an attorney, subject to the exceptions of Texas Rule of Civil Evidence 503(d) which shall govern as to work product as well as to attorney-client privilege.

b. *Experts.* The identity, mental impressions and opinions of an expert who has been informally consulted or of an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial or any documents or tangible things containing such information if the expert will not be called as an expert witness, except that the identity, mental impressions and opinions of an expert who will not be called to testify as an expert and any documents or tangible things containing such impressions and opinions are discoverable if the consulting expert's opinion or impressions have been reviewed by a testifying expert.

c. *Witness Statements.* The written statements of potential witnesses and parties, when made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation, or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation, except that persons, whether parties or not, shall be entitled to obtain, upon request, copies of statements they have previously made concerning the action or its subject matter and which are in the possession, custody, or control of any party. The term "written statements" includes (i) a written statement signed or otherwise adopted or approved by the person making it, and (ii) a stenographic, mechanical, electrical or other type of recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded. For purpose of this paragraph a photograph is not a statement.

d. *Party Communications.* Communications between agents or representatives or the employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based and in connection with the prosecution, investigation or defense of the particular suit, or in anticipation of the prosecution or defense of the claims made a part of the pending litigation. This exemption does not include communications prepared by or for experts that are otherwise discoverable. For the purpose of this paragraph, a photograph is not a communication.

. . . .

We conditionally grant the writ ordering the trial judge to withdraw his orders releasing the grand jury testimony and ordering the production of any documents or information regarding these polygraph examinations. We are confident the trial judge will comply; only if he fails to do so will the writ issue.

WRIT CONDITIONALLY GRANTED.