**In re Susan D. REED.**

**No. 04–07–00001–CV.**

Court of Appeals of Texas, San Antonio.

March 28, 2007.

---

Original Mandamus Proceeding.[1]

Kevin P. Yeary, Asst. Crim. Dist. Atty., San Antonio, for appellant.

**1.** This proceeding arises from *In the Matter of a Grand Jury Investigation Nov./Dec. 2006 Term*, filed in the 187th Judicial District Court, Bexar County, Texas, the Honorable Raymond Angelini presiding.

Laura C. Rodriguez, Tony Resendez, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

In this original proceeding, Bexar County District Attorney Susan D. Reed seeks a writ of mandamus or a writ of prohibition to compel the trial court to vacate its order quashing portions of three grand jury summonses. We will deny the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 6 and 7, 2006, the district attorney's office faxed three grand jury summonses to a school district's administrative offices. The summonses directed the sheriff or other Texas peace officer to summon the district's superintendent as custodian of the records to testify before the grand jury and to bring certain documents maintained by the school district. According to the summonses, the superintendent could turn over the requested documents to an investigator at the district attorney's office in lieu of appearing before the grand jury. The summonses contained the following warning:

BECAUSE THERE IS AN ONGOING CRIMINAL INVESTIGATION, YOU ARE NOT TO DISCLOSE THE EXISTENCE OF THIS SUMMONS NOR ANY MATERIAL REQUESTED PURSUANT TO THIS SUMMONS OTHER THAN UNDER THE DIRECTION OF A COURT OF COMETENT (sic) JURISIDICTION.

The superintendent named in the summonses was no longer employed by the district. After consulting with the district's lawyers, an acting superintendent answered the request for documents without appearing before the grand jury.

Thereafter, a dispute arose between the district's lawyers and the district attorney's office about whether the lawyers could inform the district's board members about the summonses. In pleadings filed under seal, the district's lawyers asked the impaneling court for the November/December 2006 grand jury to quash the nondisclosure language in the summonses.[2] After several hearings, the trial court granted the motion, specifically finding that "any and all Grand Jury Summonses received by [the district] on December 6, 2006 and December 7, 2006, and the materials requested by them, are not confidential for any purpose."

■ Relator now challenges the trial court's order, arguing the trial court violated a ministerial duty when it concluded the summonses were not secret. The Texas Court of Criminal Appeals has consistently held that mandamus relief is available only when the relator can establish two things: (1) that under the relevant law and facts, he or she has a clear right to the relief sought, i.e., the act he or she seeks to compel is "ministerial"; and (2) that no other adequate remedy at law is available. State ex rel. Hill v. Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927 (Tex.

---

**2.** The trial court ordered the court records filed below sealed. See United States Gov't v. Marks, 949 S.W.2d 320, 327 (Tex.1997) (portions of record pertaining to a grand jury proceeding were properly sealed by the district court). Relator has filed an unopposed request that the briefs, motions, and the record filed in this court remain under seal. However, "[n]o court order or opinion issued in the adjudication of a case may be sealed." TEX.R. CIV. P. 76a. Thus, this court's order and opinion are not sealed.

Crim.App.2001). An act is ministerial "where the law clearly spells out the duty to be performed ... with such certainty that nothing is left to the exercise of discretion or judgment." *Tex. Dep't of Corrections v. Dalehite,* 623 S.W.2d 420, 424 (Tex.Crim.App.1981).

### SECRECY UNDER ARTICLE 20.02(A)

■ Article 20.02(a) states: "The proceedings of the grand jury shall be secret." TEX.CRIM. PROC.CODE ANN. art. 20.02(a) (Vernon 2005). Relator argues that article 20.02(a) of the Texas Code of Criminal Procedure mandates the secrecy of the grand jury summonses and that the trial court had no discretion to conclude otherwise. The district counters that the statute does not mention grand jury summonses, nor does it define the word "proceedings." The district contends that because there is no clear and definitive law that renders the summonses secret, mandamus may not issue.

All words, phrases, and terms used in the Texas Code of Criminal Procedure are to be taken and understood in their usual acceptance in common language, except where specially defined. TEX.CRIM. PROC. CODE ANN. art. 3.01 (Vernon 2005). In construing a statute, courts consider its provisions as a whole rather than viewing them in isolation. *Continental Cas. Co. v. Downs,* 81 S.W.3d 803, 805 (Tex.2002). Viewed in the context of surrounding provisions, the term "proceedings" as used in Article 20.02(a) could reasonably be understood as encompassing matters that take place before the grand jury, such as witness testimony and deliberations. For example, article 20.02(b) makes clear that a person "operating an electronic recording device" or "preparing a typewritten transcription" must not disclose "anything transpiring before the grand jury, regardless of whether the thing transpiring is recorded." TEX.CRIM. PROC.CODE ANN. art. 20.02(b) (Vernon 2005). Article 20.02(c) lists the information the state's attorney may disclose: recorded testimony made before the grand jury, typewritten transcripts of grand jury testimony, and material prohibited from disclosure under subsection (b) or article 20.16. TEX.CRIM. PROC.CODE ANN. arts. 20.012, 20.02(c) (Vernon 2005). Article 20.16 requires grand jury witnesses to take an oath that they "will keep secret all proceedings of the grand jury which may be had in [their] presence." TEX.CRIM. PROC.CODE ANN. art. 20.16 (Vernon 2005).

■ We are aware of the policy goals behind grand jury secrecy and the rule that the statutes governing grand juries be afforded "reasonable and liberal construction." *See Stern v. State ex rel Ansel,* 869 S.W.2d 614, 619–20 (Tex.App.-Houston [14th Dist.] 1994, writ denied); TEX.CRIM. PROC.CODE ANN. art. 1.26 (Vernon 2005). But even so, the trial court was not required to conclude that the grand jury summonses here are "proceedings" under Article 20.02(a). In contrast to the federal rules, the Texas Code of Criminal Procedure does not expressly provide that a grand jury subpoena or summons itself is secret. *See* FED.R.CRIM.P. 6(e)(6) ("Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.") Mandamus will not issue to vacate a trial court's ruling on an "unsettled or uncertain" question of law. *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 198 (Tex.Crim.App.2003). Nor will it issue to compel an act that is to any degree discretionary or debatable. *State ex rel. Wade v. Mays,* 689 S.W.2d 893, 898 (Tex. Crim.App.1985).

Apart from the law, the facts here do not support the issuance of mandamus relief. The record fails to show that measures were taken to ensure the confidentiality of the summonses, which bear the signature of the state's attorney rather than the grand jury foreman. Truly confidential information would have warranted some precautions on the State's part, such as directing the summonses to the proper individual or hand-delivering them. Under both the law and the facts of this case, relator has not established a clear right to mandamus relief.

### THE TRIAL COURT'S AUTHORITY

A writ of prohibition may issue if a trial court exercises authority when it clearly has no authority to act. *See Board of Disciplinary Appeals v. McFall,* 888 S.W.2d 471, 472 (Tex.1994) (writ of prohibition issued when the trial court granted an injunction against the Board of Disciplinary Appeals even though it had no jurisdiction to do so). Relator argues the trial court had no authority to rule on the motion to quash because no statute or rule permits such action. We disagree. The court that impanels a grand jury has the authority to quash grand jury subpoenas, compel the testimony of grand jury witnesses, and aid the grand jury in its investigation. *Ex parte Edone,* 740 S.W.2d 446, 448 (Tex.Crim.App.1987); *Bourque v. State,* 156 S.W.3d 675, 678 (Tex.App.-Dallas 2005, pet. ref'd); *see also* TEX. CONST. art. 5, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.").

In a related argument, the relator maintains the trial court had no authority to consider the motion to quash because article 20.02(d) permits only a "defendant" to petition for disclosure of secret grand jury information and the district is not a "defendant." TEX.CRIM. PROCEDURE CODE ANN. art. 20.02(d) (Vernon 2005) ("The defendant may petition the court to order the disclosure of information otherwise made secret by this article or the disclosure of a recording or typewritten transcription under Article 20.012 as a matter preliminary to or in connection with a judicial proceeding."). Nevertheless, the procedure set out in 20.02(d) applies to information made secret under article 20.02. As previously discussed, the summonses in this case are not secret under article 20.02(a).

Finally, the relator urges that the trial court's order constituted an advisory opinion because it merely gave advice about the legality of disclosure. We disagree. The controversy before the trial court was not speculative or hypothetical; the district sought to quash portions of summonses that had actually been served on its custodian of records. By granting the motion to quash, the trial court provided the district specific relief. *See Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 164 (Tex.2004) ("A judicial decision reached without a case or controversy is an advisory opinion[.]"). In summary, the relator has not demonstrated that the trial court violated a ministerial duty or lacked the authority to act. Accordingly, the petition is denied. *See* TEX.R.APP. P. 52.8(a).