

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-16-00299-CR

**IN RE STATE OF TEXAS**

Original Proceeding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  August 3, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED; PETITION FOR WRIT OF PROHIBITION DENIED

On May 10, 2016, Relator Fred Hernandez, the 63rd District Attorney of Kinney, Val Verde and Terrell Counties for the State of Texas, filed a petition for writ of prohibition and a petition for writ of mandamus, complaining of a trial court order that required Relator to provide information about grand jury proceedings and to assemble the grand jury "so that testimony may be adduced" from members of the grand jury regarding the presentment of this case and whether a "no bill" had been returned in this case. We conditionally grant the writ of mandamus.[2]

---

[1] This proceeding arises out of Cause No. 13197CR, styled *The State of Texas v. Nina Gonzalez*, pending in the 83rd Judicial District Court, Val Verde County, Texas, the Honorable Robert Cadena presiding.

[2] Relator's petition for writ of prohibition sought to prevent the trial court from assembling the grand jury in its entirety on May 12, 2016, at 9:00 a.m. Because we granted a temporary stay of the trial court's order on May 11, 2016, the petition for writ of prohibition has become moot. *See White v. Reiter*, 640 S.W.2d 586, 593 (Tex. Crim. App. 1982) (explaining writ of prohibition is appropriate only to prevent future actions).

**BACKGROUND**

In December 2014, a grand jury empaneled in July of that year indicted Real Party in Interest Nina Gonzalez for "recklessly causing the death of an individual" in an auto accident in Val Verde County, Texas.[3] At an April 1, 2016 pretrial hearing, questions were raised whether there had been a "no bill" returned in this case. The trial court suggested Real Party in Interest consider filing a motion under Article 20.02(d) of the Texas Code of Criminal Procedure, which allows a defendant to petition for disclosure of otherwise secret grand jury information upon a showing of a particularized need. *See* TEX. CODE CRIM. PROC. ANN. art. 20.02(d) (West 2015).

Real Party in Interest filed a motion under Article 20.02(d). In her motion, Real Party in Interest described the "particularized needs" for which she sought information from the July 2014 grand jury. These needs were to: (1) cross examine and impeach witnesses; (2) discover prior inconsistent statements; (3) test the credibility of witnesses; (4) test the recollection of witnesses; and (5) "ascertain the validity of the current Indictment or whether this case should have been 'No Billed.'" No particular witness was named or described in the motion and it was later determined no transcript or recording exists for the July 2014 grand jury proceedings.

Following an April 22, 2016 hearing, the trial court granted the motion and issued an order that required Relator to "provide any transcript, recording, information, members of the Grand Jury [sic], Docket Entries and other information relevant to the Grand Jury's decision to indict or No Bill this case," and ordered the "Grand Jury be assembled in its entirety on May 12, 2016 at 9 a.m. so that testimony may be adduced regarding the presentment of this case and whether a 'no bill' was returned in this case on or about March 30, 2016." Relator subsequently filed petitions for writ of prohibition and writ of mandamus.

---

[3] It appears from the record that in March 2016, another grand jury convened and voted to "no bill" Real Party in Interest on charges of murder, manslaughter, and aggravated assault arising from the same accident.

## ANALYSIS

"Mandamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013). "An act is ministerial 'where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'" *In re Reed*, 227 S.W.3d 273, 276 (Tex. App.—San Antonio 2007, no pet.) (quoting *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)). The law clearly spells out the trial court's duty to keep grand jury proceedings secret. *See* TEX. CODE CRIM. PROC. art. 20.02(a). However, a trial court may order the disclosure of grand jury information if a defendant makes "a showing . . . of a particularized need." *Id.* art. 20.02(d). Here, the first four grounds in Real Party in Interest's motion related to obtaining potentially exculpatory information to cross-examine and impeach witnesses. Because prosecutors have no duty to present exculpatory evidence to the grand jury, the accused can show no particularized need to access grand jury information to obtain such information. *In re Grand Jury Proceedings 198.GJ.20*, 129 S.W.3d 140, 144 (Tex. App.—San Antonio 2003, pet. dism'd). The only other ground in Real Party in Interest's motion was to "ascertain the validity of the current Indictment or whether this case should have been 'No Billed.'" However, the mandamus record establishes Real Party in Interest was indicted for recklessly causing the death of an individual and Real Party in Interest has not alleged and did not make any showing that the indictment was invalid. Thus, Real Party in Interest did not make "a showing of . . . a particularized need" and the trial court had the clear ministerial duty to keep the grand jury proceedings secret. *See* TEX. CODE CRIM. PROC. art. 20.02(a), (d). Furthermore, because Relator has no right to appeal this order, he lacks an adequate remedy at law. *See* TEX. CRIM. PROC. CODE ANN. art. 44.01 (West Supp. 2015); *State ex rel. Healey v.*

*McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994).  Therefore, Relator has demonstrated his entitlement to mandamus relief.  *See In re McCann*, 422 S.W.3d at 704.

## CONCLUSION

We conditionally grant mandamus.  We order the trial court to vacate its April 22, 2016 order in its entirety.  We deny the motion for prohibition.  *See White v. Reiter*, 640 S.W.2d 586, 593 (Tex. Crim. App.  1982) (when party seeks a writ which would set aside an existing order, proper relief sought is mandamus, prohibition operates to prevent future actions).

Luz Elena D. Chapa, Justice

PUBLISH