Keller, P.J., filed a dissenting opinion in which Hervey, J., joined.
Article 26.04 requires a trial court to give a county public defender priority when appointing counsel to represent a defendant unless (1) the trial court has reason to appoint other counsel or (2) an attorney is appointed under a managed assigned counsel program that also exists in the county.[1] Article 26.052 prescribes procedures for appointing attorneys in death-penalty cases. It is silent about public-defender priority but says that its provisions apply, "Notwithstanding any other provision of this chapter."[2] The Dallas County Public Defender's Office contends that the trial court violated Article 26.04 by appointing an attorney who was not assigned to the Public Defender's Office without providing a "reason to appoint other counsel." At issue here is an important question of law: Does the public-defender priority provision apply to death-penalty cases?
The Fifth Court of Appeals initially granted mandamus relief, holding that the plain language of Article 26.04 required giving the public defender priority and that the trial court had to specify its reasons for appointing other counsel.[3] On rehearing, *927 the court denied mandamus relief, holding that the plain language of Article 26.052 meant that Article 26.04 did not apply to death-penalty cases.[4]
For mandamus purposes, there are three possible conclusions about the interaction between Articles 26.04 and 26.052, only the first of which would permit mandamus relief: (1) Article 26.04's public-defender-priority provision unambiguously controls in all cases, including death-penalty cases, (2) Article 26.052 unambiguously precludes the application of Article 26.04 to death-penalty cases, or (3) the interplay between the statutes is ambiguous.[5] Conclusion (1) may seem unlikely at this point but, given the importance of the issue, I would stay the proceedings and request responses from the trial court and the real party in interest before resolving the matter.
Because the Court denies relief without doing so, I respectfully dissent.
Newell, J., filed a concurring opinion.
I share Presiding Judge Keller's concern regarding the interplay between Article 26.04 and Article 26.052 of the Code of Criminal Procedure. These two statutes deal respectively with the appointment of counsel for indigent defendants generally and in capital murder cases. Article 26.04 gives public defenders priority in appointment generally, but it is unclear whether that priority extends to death penalty cases because Article 26.052 does not have similar priority language. So this gives rise to a legal question of statutory interpretation: Is a trial court required to give a public defender's office priority when appointing counsel to indigent defendants in death penalty cases? Presiding Judge Keller is correct, this is an important question of law. However, our mandamus standard of review limits our ability to answer that question if there is any doubt about the statutory terms at issue.[1] A writ of mandamus or prohibition is not the proper vehicle to settle unsettled law.[2] That is why I join the Court's decision to dismiss the motion to stay proceeding and to deny leave to file.
In civil cases, when deciding whether a petition has shown a clear right to the relief sought, our sister court has noted that questions of statutory construction are reviewed de novo.[3] With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court.[4] However, a trial court has no "discretion" in determining what the law is or applying *928 the law to the facts.[5] It is only where there is a "clear failure" by the trial court to analyze or apply the law correctly that mandamus relief is appropriate.[6]
But in criminal cases, we are more deferential to trial courts than our sister court even when the issue is simply a matter of statutory construction. "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under 'unequivocal, well-settled (i.e. from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.' "[7] We have recognized that an issue of first impression can qualify for mandamus relief when the factual scenario has never been precisely addressed, but only if the principle of law has been clearly established.[8] Relief is warranted if the principle of law relied upon is "positively commanded and so plainly prescribed under the law as to be free from doubt."[9]
Indeed, we held there was no clear right of relief in In re Allen because, after considering many different statutory provisions in the Code of Criminal Procedure and related case law, there was at least some doubt that a defendant had no right to a pre-trial determination of intellectual disability in a death penalty case.[10] Conversely, we granted mandamus relief based upon strict statutory interpretation where a District Clerk had issued a "Bill of Costs" for attorneys fees without an express order for such fees under Article 26.05(g).[11] Ultimately, we take the statute as it is. Any ambiguity in a statute isn't resolved through a de novo statutory analysis, it results in a denial of relief.[12]
This is why I agree with the Court's denial of relief in this case. Looking at the *929 applicable statutes in this case, there is at least some reason to doubt that our Legislature intended the statutory priority in Article 26.04(f) to apply in death penalty cases. Article 26.04(f) reads as follows:
(f) In a county in which a public defender's office is created or designated under Article 26.044, the court or the courts' designee shall give priority in appointing that office to represent the defendant. However, the court is not required to appoint the public defender's office if:
(1) the court has reason to appoint other counsel; or
(2) a managed assigned counsel program also exists in the county and an attorney will be appointed under that program.[13]
Article 26.04(f) had previously stated that a trial court "may appoint" a county public defenders office, but our Legislature amended the statute in 2015 to give county public defenders offices a priority in appointment.[14] Of course, the Legislature did not completely deprive trial courts of their discretion in appointing counsel in Article 26.04. It also amended Article 26.04(f) to allow trial courts to appoint other counsel if there is a managed assigned counsel program in the county or if "the court has reason to appoint other counsel."[15]
Notably, when the Legislature amended Article 26.04 in 2015, it left intact Article 26.052, which governs the appointment of counsel in death penalty cases. Article 26.052(a) reads as follows:
(a) Notwithstanding any other provision in this chapter, this article establishes procedures in death penalty cases for appointment and payment of counsel to represent indigent defendants at trial and on direct appeal and to apply for writ of certiorari in the United States Supreme Court.[16]
The court of appeals is correct that at least one interpretation of the phrase "notwithstanding any other provision in this chapter" leads to the conclusion that the Legislature intended Article 26.052 to control over Article 26.04.[17] And while Article 26.052 allows for the appointment of a county's public defender's office, it still uses the "may be appointed" permissive language.[18] Rather than indicating a priority for appointment, the statute is only limited by the phrase "as provided by the guidelines established by the public defender's office."[19] There is no indication from the statutory terms of Article 26.052 that public defenders should be given a *930 priority of appointment in death penalty cases.
This would seem to provide enough ambiguity by itself to justify the denial of relief, as there appear to be two competing interpretations of these statutes. But this is not a simple case of which statute controls. As mentioned above, even with the added priority language, Article 26.04 does not expressly deprive the trial court of discretion regarding the appointment of counsel. By its own terms, the trial court can still choose to appoint an attorney other than a member of a county public defenders office so long as the trial court "has reason to appoint other counsel." The statute provides no guidance on what constitutes sufficient reason for appointing a different attorney.[20] Neither does it provide any indication of how the failure to afford a county public defender the statutory preference in appointment should be remedied. And there is no statutory requirement for a hearing to determine whether there is a reason not to appoint the county public defender. Finally, as a matter of constitutional law, it is at least arguable that interfering with an existing attorney-client relationship by removing one attorney and appointing another, against the defendant's wishes, violates the Sixth Amendment.[21] So, even if we assume that Article 26.04(f) establishes a priority of appointment in death penalty cases, Relator still cannot show a clear right to the relief she seeks. She cannot show that a violation of the claimed statutory preference clearly entitles her to have an existing attorney-client relationship terminated in favor of her subsequent appointment.
While I agree that in some cases it is prudent to request responses from the trial court and the real party in interest, responses were already requested by the Fifth Court of Appeals, which initially considered this issue. Additional responses from the trial court and the real party in interest seem unlikely to provide us any new information or arguments beyond what the court of appeals already considered when it denied Relator relief.
With these thoughts I join the Court's decision.

Tex. Code Crim. Proc. art. 26.04(f).

Id. art. 26.052(a), passim.

In re Dallas Cty. Pub. Defender's Office , Nos. 05-17-01151-CV, 05-17-01152-CV, 05-17-01153-CV, 2017 WL 5897914, 2017 Tex. App. LEXIS 11089 (Tex. App.-Dallas November 29, 2017) (mem. op.).

In re Dallas Cty. Pub. Defender's Office , Nos. 05-17-01151-CV, 05-17-01152-CV, 05-17-01153-CV, 2018 WL 446429, 2018 Tex. App. LEXIS 505 (Tex. App.-Dallas January 18, 2018) (mem. op.).

See In re State ex rel. Weeks , 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (mandamus sometimes available for an issue of first impression if the law is otherwise clearly established).

In re Allen , 462 S.W.3d 47, 53 (Tex. Crim. App. 2015) ("Even if we were included to again act when the Legislature has not, a mandamus proceeding is not the appropriate place to interpret statutory language, clarify this Court's precedent, or create new law where there is none.").

See In re Medina , 475 S.W.3d 291, 305 (Tex. Crim. App. 2015) ; Allen , 462 S.W.3d at 53.

See, e.g., In re Office of the Attorney General of Texas , 456 S.W.3d 153, 155 (Tex. 2015) ; In re Lee , 411 S.W.3d 445, 450-51 (Tex. 2013).

Walker v. Packer , 827 S.W.2d 833, 839 (Tex. 1992).

Id. at 840.

Id. In broad terms, the standard appears to mirror the standard of review we set out in Guzman v. State for evaluating interlocutory appeals. 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) ("However, as a general rule, the appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate courts, including this Court, should afford the same amount of deference to trial courts' rulings on 'application of law to fact questions,' also known as 'mixed questions of law and fact,' if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts may review de novo 'mixed questions of law and fact' not falling within this category.") (citations omitted).

In re State ex. rel. Weeks , 391 S.W.3d 117, 122 (Tex. Crim. App. 2013).

Id.

Medina , 475 S.W.3d at 298 (citing Allen , 462 S.W.3d at 50 ).

462 S.W.3d at 50-51.

In re Daniel , 396 S.W.3d 545, 549 n. 19 (Tex. Crim. App. 2013).

There are good policy reasons for treating civil mandamus differently than criminal mandamus. In criminal cases, the State has a statutorily limited right to appeal. See Tex. Code Crim. Proc. art. 44.01 (setting out circumstances in which State may appeal). If our mandamus jurisprudence allowed us to resolve purely legal questions de novo , it could undermine those statutory limitations. State ex rel. Healey v. McMeans , 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (mandamus may not be used to give the State a right to appeal that was not granted by the Legislature in Article 44.01 of the Texas Code of Criminal Procedure ). It could also frustrate a criminal defendant's right to a speedy trial. U.S. Const. Amend. VI. Conversely, it could also undermine the limitation on consideration of interlocutory appeals in criminal cases. See, e.g., Ex parte Smith , 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (noting that interlocutory appeals are generally not permitted in Texas criminal proceedings).

Tex. Code Crim. Proc. art. 26.04(f).

Senate Bill 316, 84th Leg., R.S. (2015). In fact, facilitating the use of county public defenders was the express purpose of the bill. House Comm. on Criminal Juris., Bill Analysis, Tex. S.B. 316, 84th Leg., R.S. (2015). However, there is no need to resort to extra-textual sources for this proposition, as the statute is clear on this point. It is not as clear whether the statutory preference applies to all appointments or just to appointments in non-death-penalty cases.

Senate Bill 316, 84th Leg., R.S. (2015).

Tex. Code Crim. Proc. art. 26.052.

In re Dallas County Public Defender's Office , No. 05-1701151-CV, 2018 WL 446429, at *2 (Tex. App.-Dallas Jan. 17, 2018) (not designated for publication); see also Lee , 411 S.W.3d at 454 ("The use of the word 'notwithstanding' indicates that the Legislature intended section 153.0071 to be controlling."); Molinet v. Kimbrell , 356 S.W.3d 407, 413-14 (Tex. 2011) (holding that a "notwithstanding any other law" provision evidenced clear legislative intent to resolve any interpretation conflicts in favor of the statute containing the provision).

Tex. Code Crim. Proc. art. 26.052(b).

Id.

Relator argues that, based upon the Bill Analysis behind Senate Bill 316, "reason to appoint other counsel" is equivalent to "good cause." But we only consider extra-textual sources if the statutory terms are ambiguous. See Boykin v. State , 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991) (noting that reviewing courts consider extra-textual factors, including legislative history, when a statute is ambiguous or would lead to absurd results). If the phrase is ambiguous, then it is hard to see how the principle of law Relator relies upon is so clear as to be positively commanded. Allen , 462 S.W.3d at 50.

See, e.g., Stearnes v. Clinton , 780 S.W.2d 216, 225 (Tex. Crim. App. 1989) ("Having appointed counsel, a criminal defendant should not be subjected to a trial and appeal process without the appointed counsel he had grown to accept and gain confidence in.").