

## NUMBER 13-19-00200-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE THE STATE OF TEXAS EX REL. RICARDO RODRIGUEZ JR., DISTRICT ATTORNEY FOR HIDALGO COUNTY, TEXAS

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Hinojosa Memorandum Opinion by Justice Benavides[1]

Relator the State of Texas ex rel. Ricardo Rodriguez Jr., the District Attorney for Hidalgo County, Texas, filed a petition for writ of mandamus seeking to vacate an order granting the discovery of grand jury testimony in a criminal case.[2] *See* TEX. CODE CRIM. PROC. ANN. art. 20.02(a), (d). We conditionally grant the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see also id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number CR-5036-18-F, and the respondent is the Honorable Mario E. Ramirez Jr. *See id.* R. 52.2.

# I. BACKGROUND

The grand jury charged real party in interest Rodolfo Rosas by indictment with one count of aggravated assault with a deadly weapon and two counts of aggravated assault causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a). On January 18, 2019, Rosas filed a "Motion for Discovery of Grand Jury Testimony" which requested that the trial court order the State "to transcribe and provide to the Defendant the testimony of any witnesses who testified before the grand jury in this case." The motion reads, in relevant part:

> The Defendant has reason to believe that a witness or witnesses testified before the grand jury on the facts of this case currently pending against the Defendant. The grand jury returned an indictment in this case on December 18, 2018.
>
> . . . .
>
> The State of Texas has made known that it intends to try this case. It is necessary for the Defendant to receive effective assistance of counsel at trial to have available the transcript[s] of the witnesses' grand jury testimony for purposes of discovery and cross-examination.
>
> . . . .
>
> The Defendant has a particularized need for said testimony under TEX. CODE CRIM. PROC. art. 20.02. The material sought is necessary to avoid possible injustice in this proceeding. Defendant needs to be able to know what the witnesses knew and testified to as it pertains to Defendant's claim of self[-]defense and the circumstances surrounding the alleged victims in order to fairly defend himself.

On February 19, 2019, the trial court held a pretrial hearing on various matters. At the hearing, Rosas's counsel informed the trial court that he was requesting that it order the grand jury testimony to be disclosed "so we can see what was presented." In apparent connection with this argument, Rosas's counsel also asserted that there was a "pattern" of the police "not doing their job." He alleged that "[t]hey failed to fingerprint the vehicle,

2

they failed to fingerprint the gun. Just simple things that should have been done." Without further discussion, the trial court orally granted Rosas's motion for disclosure of the grand jury testimony. After the trial court issued its oral ruling, the prosecutor requested time to prepare for a hearing on the request for the grand jury transcripts because the motion had not been set for hearing that day, but the trial court responded, "Again, I am granting the motion." On February 22, the trial court signed an order granting Rosas's motion for the discovery of grand jury testimony which ordered the State "to provide the full transcripts of the Grand Jury proceedings against Defendant at least one week prior" to the trial date.

On March 18, 2019, the trial court held another pretrial hearing. In addition to other matters, Rosas again reiterated his request to obtain the grand jury testimony. The trial court informed the parties that it was his understanding that "[t]here is no transcript." In addressing this issue, a prosecutor informed the court that Hidalgo County "does not utilize a court reporter for Grand Jury proceedings," and instead "uses audio recording equipment." The prosecutor stated that "I think we use . . . tapes." The prosecutor informed the trial court that he did not know if the State had the tapes of the grand jury proceedings, but he did not think that it did. Another prosecutor responded to the court's inquiry that "[w]e do not." A third prosecutor informed the court that she had spoken with the individual who presented this case to the grand jury. That individual told her that "if there was a tape with testimony" it would be provided to the prosecutors "as part of our file." The third prosecutor informed the court that such a tape "has not been provided, therefore, it does not exist," but confirmed that she would "verify" that information. At the

3

end of the argument, the trial court again verbally ordered the State to present to defense counsel "what it was that you presented in terms of evidence to the . . . Grand Jury."

This original proceeding ensued on April 26, 2019. By one issue, relator contends that the respondent has clearly erred in requiring the State "to produce and turn over transcripts of grand jury proceedings" because Rosas failed to show a particularized need for the transcripts. This Court requested and received a response to the petition for writ of mandamus from Rosas. Rosas argues that the trial court's ruling was discretionary, and it did not abuse its discretion in ordering production of the grand jury testimony. Rosas also argues that the State possessed surveillance videotapes of the night of the alleged incident which have "substantial and exculpatory" value, and the trial court possessed discretion to order the grand jury transcripts produced to him so that he could determine if the State provided the surveillance footage to the grand jury for its review prior to indictment.

## II. STANDARD FOR MANDAMUS RELIEF

Mandamus relief may be granted if the relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law. *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding); *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

To obtain mandamus relief, the act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236

4

S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*; *see Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011). If the trial court lacks authority or jurisdiction to take a specific action, the court has a ministerial duty to refrain from taking that action, to reject or overrule requests that it take such action, and to undo the action if it has already taken it. *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (orig. proceeding). In contrast, a ministerial act is not implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution. *State ex rel. Hill v. Ct. of Apps. for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

### III. GRAND JURY PROCEEDINGS

"[T]he longstanding common law and statutory rule that grand jury proceedings are secret is a fundamental component of our system of criminal justice." *Kelly v. State*, 151 S.W.3d 683, 686 (Tex. App.—Waco 2004, no pet.); *see Stern v. State ex rel. Ansel*, 869 S.W.2d 614, 619–23 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (discussing the historical underpinnings regarding the secrecy of grand jury proceedings). The Texas Code of Criminal Procedure expressly mandates that "[t]he proceedings of the grand jury shall be secret." TEX. CODE CRIM. PROC. ANN. art. 20.02(a). Thus, "[t]he law clearly spells out the trial court's duty to keep grand jury proceedings secret." *In re State*, 516 S.W.3d 526, 528–29 (Tex. App.—San Antonio 2016, orig. proceeding). The Fourteenth District

5

Court of Appeals has summarized the various reasons for mandating secrecy regarding grand jury proceedings as follows:

> The policy reasons for secrecy are compelling. It ensures the utmost freedom to the grand jury in its deliberations. It prevents other persons subject to indictment, or their friends, from importuning the grand jurors; no undue influence should be permitted to sway its counsels or govern its action. Moreover, grand jurors should be free from the apprehension that someone may disclose subsequently their opinions and votes. The requirement of confidentiality also prevents subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted. Further, secrecy encourages free and untrammeled disclosures by persons who have information with respect to the commission of crimes. Witnesses can give evidence without fear of reprisal from an accused or any other person. Confidentiality also protects the innocent accused who is exonerated from disclosure of the fact that he has been under investigation. Such a consideration is particularly important in light of the fact that an elected official's reputation may be irreparably harmed by public disclosure even though investigation of the allegations reveals no basis for prosecution. It also saves persons who have been cleared by the grand jury from the expense of standing trial where there was no probability of guilt. Additionally, the requirement saves the public the trouble, expense, and disgrace of having matters disclosed that no longer have any merit. Finally, grand jury secrecy also prevents the escape of those whose indictment is contemplated.

*Stern*, 869 S.W.2d at 621–22. Accordingly, "an accused is not ordinarily entitled to the inspection of grand jury minutes or testimony for the purpose of ascertaining evidence in the hands of the prosecution, or for the purposes of discovery in general." *Garcia v. State*, 454 S.W.2d 400, 403 (Tex. Crim. App. 1970); *see Villegas v. State*, 791 S.W.2d 226, 231 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd).

However, the code of criminal procedure allows the defendant to request a court to order the disclosure of information "otherwise made secret" by the code, or the disclosure of a recording or typewritten transcription prepared pursuant to article 20.012, "as a matter preliminary to or in connection with a judicial proceeding." *See* TEX. CODE CRIM. PROC. ANN. art. 20.02(d); *see also id.* art. 20.012 (providing that certain testimony

6

in a grand jury proceeding must be recorded).[3] "The court may order disclosure of the information, recording, or transcription on a showing by the defendant of a particularized need." *Id.* art. 20.02(d). The "totality of the circumstances" must be examined when determining whether a particularized need exists. *Bynum v. State*, 767 S.W.2d 769, 781 (Tex. Crim. App. 1989) (en banc); *Legate v. State*, 52 S.W.3d 797, 804 (Tex. App.—San Antonio 2001, pet. ref'd).

"A particularized need is not shown simply because the requested testimony pertains to a key prosecution witness, or that there is a 'need' to locate inconsistencies in the witness's testimony." *Legate*, 52 S.W.3d at 804 (quoting *Bynum*, 767 S.W.2d at 783); *see also Crenshaw v. State*, No. 13-00-692-CR, 2002 WL 34249771, at *4 (Tex. App.—Corpus Christi–Edinburg May 23, 2002, pet. ref'd) (mem. op., not designated for publication) (concluding that the appellant failed to show a particularized need where he argued that "he needed the grand jury minutes to see what the witnesses testified to and because the indictment did not describe the charges against him"). Similarly, seeking information regarding grand jury proceedings for the purposes of possible impeachment, to refresh the recollection of a witness, or to test the credibility of a witness does not establish a "particularized need" which is required to pierce the secrecy of grand jury proceedings. *In re 5 Byrd Enters., Inc.*, 980 S.W.2d 542, 543 (Tex. App.—Beaumont 1998, orig. proceeding). In short, a particularized need is only shown when "it becomes material to the administration of justice that disclosure be allowed." *See Stern*, 869 S.W.2d at 622 (collecting cases).

---

[3] If the prosecutor uses or introduces portions of the grand jury testimony during the trial, the defense is entitled to inspect and use the testimony that covers the same subject involved in the portions used and introduced by the prosecution. *Garcia v. State*, 454 S.W.2d 400, 403 (Tex. Crim. App. 1970); *Villegas v. State*, 791 S.W.2d 226, 231 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd).

## IV. ANALYSIS

### A. Ministerial or Discretionary Duty

Rosas contends, in part, that the trial court's decision regarding the production of grand jury testimony is discretionary rather than ministerial in nature. If so, mandamus relief is not available. *State ex rel. Young*, 236 S.W.3d at 210. Under the appropriate standard of review, the production of grand jury testimony lies within the "sound" discretion of the trial court. *McManus v. State*, 591 S.W.2d 505, 523 (Tex. Crim. App. 1979), *overruled on other grounds*, *Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988); *see Mott v. State*, 543 S.W.2d 623, 625 (Tex. Crim. App. 1976); *see also Legate*, 52 S.W.3d at 803 (stating that the trial court has "considerable" discretion regarding the production of grand jury testimony); *Villegas*, 791 S.W.2d at 231 (referencing the need to show a special reason or particularized need to obtain grand jury testimony under former law). Thus, the production of grand jury testimony implicates the use of judicial discretion rather than a ministerial duty. *See Legate*, 52 S.W.3d at 803; *see, e.g., In re Buchel*, No. 13-18-00509-CR, 2018 WL 6381540, at *6 (Tex. App.—Corpus Christi–Edinburg Dec. 6, 2018, orig. proceeding) (mem. op., not designated for publication) (considering whether a judicial determination was discretionary or ministerial in nature).

However, the San Antonio Court of Appeals, on similar facts, concluded that the trial court had "the clear ministerial duty to keep the grand jury proceedings secret" when the defendant failed to make a showing of a "particularized need" under the code. *In re State*, 516 S.W.3d at 528. There, the court stated that an act is ministerial where the law clearly spells out the duty to be performed with such certainty that nothing is left to the exercise of discretion or judgment, and the code "clearly spells out the trial court's duty to

8

keep grand jury proceedings secret." *Id.* (citing *In re Reed*, 227 S.W.3d 273, 276 (Tex. App.—San Antonio 2007, orig. proceeding)). The San Antonio court did not otherwise provide any further analysis regarding its determination that the trial court's error was ministerial rather than discretionary in nature. *See generally id.*

The Texas Court of Criminal Appeals has held that judicial decisions may be subject to review and correction by mandamus in specific circumstances:

> An act is ministerial, and therefore subject to the compulsion of mandamus, even though a judicial decision is involved, however, when the governing law is of such absolute clarity and certainty that nothing is left to the court's discretion—when the law upon which relator relies is, in other words, 'definite, unambiguous, and unquestionably applies to the indisputable facts of the case.'

*Powell v. Hocker*, 516 S.W.3d 488, 495 (Tex. Crim. App. 2017) (quoting *State ex rel. Young*, 236 S.W.3d at 210); *see State ex rel. Mau v. Third Ct. of Apps.*, 560 S.W.3d 640, 644 (Tex. Crim. App. 2018); *see also State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 201 (Tex. Crim. App. 2003) (explaining that a trial court may be compelled by mandamus to follow the dictates of a statute when its meaning as applied to a particular fact situation is "clear and indisputable"); *Perkins v. Ct. of Apps. for Third Supreme Jud. Dist. of Tex. at Austin*, 738 S.W.2d 276, 285 (Tex. Crim. App. 1987) (orig. proceeding) (concluding that the court's decisions pertaining to enforcement of a plea bargain agreement "placed a ministerial, mandatory, and non-discretionary duty" on the respondent to specifically enforce a plea bargain). In short, it is proper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way when the relator has a clear right to the relief sought and the law at issue is definite, unambiguous, and unquestionably applies to the indisputable facts of the case. *See State ex rel. Young*, 236 S.W.3d at 210; *see also In re Dallas County Pub. Def.*, 553 S.W.3d 926, 927–28 (Tex. Crim. App. 2018)

9

(orig. proceeding) (Keller, J., dissenting) (stating that a trial court has no discretion in determining what the law is or applying the law to the facts).

Based on the foregoing, we disagree with Rosas's contention that the trial court's decision here is fully discretionary in nature so as to foreclose the possibility of mandamus relief based on a ministerial duty. *See id.* Accordingly, we proceed with our review regarding whether "the relator has a clear right to the relief sought and the law at issue is definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *See id.*

### B. "Particularized Need"

In Rosas's motion for discovery of the grand jury testimony, he argued that in order for him "to receive effective assistance of counsel," it is "necessary" to obtain the transcripts of the grand jury testimony "for purposes of discovery and cross-examination." He asserted that he has a particularized need for the information "to fairly defend himself" because he "needs to be able to know what the witnesses knew and testified to" as it pertains to his claim of self-defense and "the circumstances surrounding the alleged victims." He argued that the "material sought is necessary to avoid possible injustice in this proceeding."

At the two hearings that addressed the production of the grand jury testimony, Rosas argued that there was a "pattern" whereby the police department had failed to perform its functions in this case because its employees failed to fingerprint a vehicle and gun involved in the incident. He further argued that he had not been provided with all of

10

the body camera footage regarding the underlying incident.[4]  Rosas did not present any other arguments to the trial court in support of his request for the grand jury materials.

After reviewing the totality of the circumstances, we conclude that Rosas has not met his burden to show a particularized need for the grand jury transcripts.  The rationales that Rosas offers for the discovery of the grand jury testimony relate generally to his desire to obtain potentially exculpatory discovery that could support his defense in this case; however, this reason does not constitute a particularized need under the statute.  *See In re State*, 516 S.W.3d at 528–29.  Similarly, Rosas's stated rationales for obtaining the grand jury transcripts to determine whether there are inconsistencies in testimony, for possible impeachment, to refresh recollection, or to test credibility does not meet the level of a "particularized need" as required to pierce the secrecy of grand jury proceedings.  *See id.; Legate*, 52 S.W.3d at 804; *In re 5 Byrd Enters., Inc.*, 980 S.W.2d at 543.  In short, Rosas has not shown a particularized need by asserting generally that he needs this information for the purposes of discovery in general.  *See Garcia*, 454 S.W.2d at 403.  We note, in this regard, that the rationales offered by Rosas in support of obtaining the grand jury transcripts constitute global rationales that would apply in all cases rather than rationales based on a "particularized need" presented by the unique circumstances of a specific case.

In this proceeding, Rosas further argues in his response to the petition for writ of mandamus that he filed a motion to quash the indictment against him based on "the

---

[4] Rosas urged the trial court to dismiss the case because of the alleged *Brady* violations and spoliation.  *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (concluding that the due process clause prevents criminal prosecutors from suppressing material evidence that is favorable to an accused); *see also* TEX. CRIM. PROC. CODE ANN. § 39.14.  The trial court denied Rosas's motion to dismiss the case based on spoliation.

State's failure to present exculpatory evidence" to the grand jury that "it was aware of or already had in its possession at the time of the grand jury proceedings." Rosas argues:

> In this case the particularized need is to avoid the injustice of a defective grand jury proceeding by determining whether the witnesses and grand jurors were aware of the surveillance footage. The State's failure to show the grand jury exculpatory evidence that was in its possession would amount to impermissible suppression of exculpatory evidence in violation of Defendant's State Constitutional rights and US Constitutional rights.

In support of this argument, Rosas has attached to his response a copy of his attorney's email correspondence to the prosecutor illustrating that he had offered to provide the surveillance footage to the prosecutor prior to the case being presented to the grand jury on December 18, 2019.

Based on our review of the record, this argument and associated evidence was not provided to the trial court. It is well established that arguments which are not presented to the trial court will not be considered in a petition for writ of mandamus. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding); *In re Jindal Saw Ltd.*, 264 S.W.3d 755, 767 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding); *In re Advance Payroll Funding, Ltd.*, 254 S.W.3d 710, 714 (Tex. App.—Dallas 2008, orig. proceeding). Nevertheless, the applicable law indicates that the State has no duty to present exculpatory evidence to a grand jury. *See United States v. Williams*, 504 U.S. 36, 51 (1992); *In re State*, 516 S.W.3d at 528–29; *In re Grand Jury Proceedings*, 129 S.W.3d 140, 143–44 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]); *Matney v. State*, 99 S.W.3d 626, 629 (Tex. App.—Houston [1st Dist.] 2002, no pet.).[5] And generally, "if an indictment is valid on its face," the court "may not go behind the indictment

---

[5] *See also Gallegos v. State*, No. 08-05-00081-CR, 2006 WL 3317964, at *4 (Tex. App.—El Paso Nov. 16, 2006, pet. ref'd) (op., not designated for publication); *Logan-Gates v. State*, No. 05-02-01624-CR, 2005 WL 159627, at *7 (Tex. App.—Dallas Jan. 6, 2005, pet. ref'd) (op., not designated for publication).

to determine whether it was properly returned or to review alleged procedural errors in its presentment." *Perkins v. State*, 902 S.W.2d 88, 101 (Tex. App.—El Paso 1995), *supplemented*, 905 S.W.2d 452 (Tex. App.—El Paso 1995, pet. ref'd) (citing *DeBlanc v. State*, 799 S.W.2d 701, 706 (Tex. Crim. App. 1990); *Dean v. State*, 749 S.W.2d 80, 82 (Tex. Crim. App. 1988); *Crocker v. State*, 573 S.W.2d 190, 204 (Tex. Crim. App. 1978)). Thus, because prosecutors have no duty to present exculpatory evidence to the grand jury, the accused can show no particularized need to access grand jury information to obtain such information. *See In re State*, 516 S.W.3d at 528–29; *In re Grand Jury Proceedings*, 129 S.W.3d at 144.

Based on the foregoing, we conclude that Rosas did not meet his burden to show a particularized need for the transcription of the grand jury proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 20.02(d). Stated otherwise, Rosas has not shown that it is "material to the administration of justice that disclosure be allowed." *See Stern*, 869 S.W.2d at 622.

The code of criminal procedure explicitly provides that "[t]he proceedings of the grand jury shall be secret." TEX. CODE CRIM. PROC. ANN. art. 20.02(a). Article 20.02 "clearly spells out the trial court's duty to keep grand jury proceedings secret." *In re State*, 516 S.W.3d at 528. The law at issue is "definite, unambiguous, and unquestionably applies to the indisputable facts of the case." *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, because Rosas did not make "a showing of . . . a particularized need," *see* TEX. CODE CRIM. PROC. ANN. art. 20.02(d), the trial court "had the clear ministerial duty to keep the grand jury proceedings secret." *See In re State*, 516 S.W.3d at 528. Thus, relator has met the first requirement for mandamus relief by showing that the act

13

sought to be compelled is purely ministerial.  *See In re McCann*, 422 S.W.3d at 704; *In re State ex rel. Weeks*, 391 S.W.3d at 122.

### C. Adequate Remedy at Law

To obtain mandamus relief, the relator must also establish that it lacks an adequate remedy at law.  *See In re McCann*, 422 S.W.3d at 704; *State ex rel. Young*, 236 S.W.3d at 210.  In criminal cases, the State has only a limited right of appeal.  *See* TEX. CRIM. PROC. CODE ANN. art. 44.01; *In re State*, 564 S.W.3d 58, 64 (Tex. App.—El Paso 2018, orig. proceeding).  Because relator has no right to appeal the order requiring the production of the grand jury transcript, it lacks an adequate remedy at law.  *See In re State*, 516 S.W.3d at 528–99.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relator has met its burden to obtain relief.  Accordingly, we lift the stay previously imposed in this case.  We conditionally grant the petition for writ of mandamus and order the trial court to vacate the February 22, 2019 order in its entirety.  Our writ will issue only if the court fails to comply.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of June, 2019.

14